COCA-COLA BOTTLING COMPANY *v.* KINCANNON, JUDGE.

4-6403                                     150 S. W. 2d 193

Opinion delivered April 14, 1941.

*Pryor & Pryor,* for petitioner.
*Partain & Agee,* for respondent.
*G. L. Grant, J. C. Brookfield, amici curiae.*

SMITH, J.   The Coca-Cola Bottling Company filed here its petition for a writ of prohibition against the Honorable J. O. Kincannon, judge of the Crawford circuit court, and, as grounds therefor, alleged the following facts.   Mattie Cromwell filed suit in the Crawford circuit court against petitioner, in which she alleged that she purchased a bottle of Coca-Cola, bottled by peti-

tioner, in Sebastian county, and after having drunk a part thereof became suddenly and violently ill, and she prayed judgment for $10,000 to compensate the illness.

The summons which issued out of the office of the clerk of the Crawford circuit court was directed to the sheriff of Sebastian county, in which county it was served upon petitioner, and no service was had upon petitioner in Crawford county.

Respondent held this service sufficient to confer jurisdiction upon the Crawford circuit court under the authority of act 314 of the 1939 Acts of the General Assembly of Arkansas, p. 769.

It is alleged that this service is not sufficient, for the reason that act 314 contemplated only such causes of action as result from accident or casualty, and does not include a claim for damages by reason of being sick or ill.

Act 314 is entitled, ''An act to fix the venue of actions for personal injury and death,'' and, exclusive of its emergency clause, which failed of adoption, reads as follows:

''Section 1. All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service.

''Section 2. This act shall not repeal any provision for venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are repealed.''

This act is—as it professes to be—a venue statute, and localizes actions for personal injury by requiring that such actions shall be brought (a) in the county where the accident occurred which caused the injury or

death, or (b) in the county where the person injured or killed resided at the time of the injury, and its interpretation, as applied to the issues here presented, is unaffected by act 21 of the Acts of the 1941 session of the General Assembly. This latter act provides that ''In any action which may lawfully be brought only in some one or more particular counties in this state, and not in any county of the state in which service may be had on the defendant, so that the venue for such action is local and not transitory in nature, summons may be served upon the defendant or defendants in such action in any county in this state.''

Without reference to act 21 of 1941, act 314 of the Acts of 1939 confers jurisdiction upon the Crawford circuit court, in which county the injury was sustained, and in which the plaintiff resides, provided the injury was a personal injury. The question for decision is, therefore, whether the complaint alleges a personal injury within the meaning of act 314.

The insistence of the petitioner is that the clause, ''where the accident occurred which caused the injury or death,'' indicates a legislative intention to localize only those suits for traumatic injuries resulting from collisions, and that if not so construed the act would localize suits for false arrest, false imprisonment, malicious prosecution, alienation of affections, and other like causes of action. But that clause is to be read and interpreted in connection with the remainder of the sentence of which it is a part, and, when so read, we find that the act provides that ''All actions for damages for personal injury or death by wrongful act shall be brought . . ., etc.'' The act is not limited to traumatic injuries, but covers wrongful acts from which personal injury results.

The word ''accident'' has been defined in many cases, both of our own and of other jurisdictions. It was defined in the case of *Standard Life & Accident Ins. Co.* v. *Schmaltz,* 66 Ark. 588, 53 S. W. 49, 74 Am. St. Rep. 112, as meaning ''happening by chance; unexpectedly taking place; not according to the usual course of things;

or not as expected." This is the dictionary meaning as defined in Webster's New International Dictionary.

The word "accident" was not used in a metaphysical sense, but as commonly employed and usually understood, and in the act means the incident or the wrongful act which caused the injury. For a pure accident, not caused by negligence or wrongful act, there would be no liability.

The controlling question in the case appears, therefore, to be whether the complaint alleges that a personal injury was sustained. The complaint alleges "That by reason thereof (that is, drinking a portion of the contents of a bottle of Coca-Cola, which contained a bug or spider or other deleterious substance), the muscles, ligaments, nerves, tendons and other portions in and about her stomach and intestines have been seriously and permanently injured, . . ." These are personal injuries, and no better definition of a personal injury could be given than that it is an injury to the person.

The first paragraph in the opinion in the case of *Coca-Cola Bottling Co.* v. *Adcox,* 189 Ark. 610, 74 S. W. 2d 771, reads as follows: "This action was begun by appellee in the Jackson circuit court against the appellant, Coca-Cola Bottling Company, to recover for personal injuries caused by drinking a part of a bottle of Coca-Cola which contained foreign substances, alleged to be glass and hairs."

In the case of *Coca-Cola Bottling Co.* v. *McNeece,* 191 Ark. 609, 87 S. W. 2d 38, the plaintiff recovered judgment to compensate the damages alleged to have been occasioned by drinking a bottle of Coca-Cola in which there was a fly or other foreign substance. Reversal of the judgment was prayed upon the ground "that there was no actual physical injury brought about or proximately caused by the alleged occurrence, and hence any damages suffered would be unaccompanied by any physical injury attributable to or proximately caused by the incident complained of." That contention was not sustained, and it was held that "There is ample evidence to show that the appellee suffered physical pain and in-

jury." This injury was personal; it could have been nothing else.

It is to such injuries, that is, personal injuries, to which the act relates, and not such actions as malicious prosecution, etc., which are not ordinarily understood to be personal injuries.

In support of the contention that the complaint does not allege a personal injury three California cases are cited. These are: *Monk* v. *Ehret*, 192 Cal. 186, 219 P. 452; *Plum* v. *Newhart*, 118 Cal. App. 73, 4 P. 2d 805; and *Lucas* v. *Lucas Ranching Co.*, 18 Cal. App. 2d 453, 64 P. 2d 160.

It will suffice to review only one of these cases, this being the case of *Monk* v. *Ehret*, the only one of the three cases decided by the Supreme Court of California. The plaintiff in that case alleged that he had been falsely imprisoned. There was involved the construction of a section of the Code of Civil Procedure of that state somewhat similar to our act 314. It was there said [192 Cal. 186, 219 P. 454]: "We are of the opinion that the words 'injury to person' are, by the language which follows in the Code section, limited to the wrongful or negligent act of another, and that it was not intended by said amendment to extend the right of place of trial to such a trespass as is described by the complaint in the instant case. The specific terms indicate that the injuries to person within the contemplation of the Legislature were those which cause physical injury or incapacity or which result in death."

In the case of *Destefano* v. *Alpha Lunch Co.* (Mass.), 30 N. E. 2d 827, waitresses who received meals as part of their pay contracted trichinosis as a result of eating insufficiently cooked pork furnished by their employer, which was insured under the Workmen's Compensation Act of that state; but as they made no reservation of common-law rights it was held that they could not maintain actions for breach of implied warranty of the fitness of the food. It was held that "What happened to the plaintiffs constituted a 'personal injury' within the Workmen's Compensation Act. . . .," and "Since the in-

jury was compensable under the Workmen's Compensation Act, it will not support an action against the employer at law, whether in tort or in contract, or whether or not based upon a statute."

In re *Hurle's* case, 217 Mass. 223, 104 N. E. 336, L. R. A. 1916A, 279, Ann. Cas. 1915C, 919, the same court said: "At common law the incurring of a disease or harm to health is such a personal wrong as to warrant a recovery if the other elements of liability for tort are present."

We conclude that the complaint alleges a personal injury, and as it alleges, not only that the injury occurred in Crawford county (this being the place of sale, which determines the place of injury. *Jacobs* v. *State*, 155 Ark. 95, 243 S. W. 952), but also that the plaintiff was a resident of that county at the time of her injury, (either of which allegations would confer jurisdiction), the Crawford circuit court has jurisdiction to hear the cause, and the application for prohibition will, therefore, be denied.