ATKINS PICKLE COMPANY, INC. *v.*
BURROUGH-UERLING-BRASUELL CONSULTING
ENGINEERS, INC. and Allen R. HENSON

81-224                                    628 S.W. 2d 9

Supreme Court of Arkansas
Opinion delivered February 16, 1982

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellant.

*Jones, Gilbreath & Jones,* for appellee Burrough-Uerling-Brasuell Consulting Engineers, Inc.

*Barber, McCaskill, Amsler, Jones & Hale,* for appellee Henson.

GEORGE ROSE SMITH, Justice. This is the second attempt by the appellant, Atkins Pickle Company, to fix Pope county as the venue of an action against the two appellees, a corporate engineering company having its principal office in Sebastian county and an individual residing in Faulkner county. The trial court's dismissal of the first suit, for improper venue, was affirmed by the Court of Appeals. *Atkins Pickle Co.* v. *Burrough-Uerling-Brasuell,* 271 Ark. 897, 611 S.W. 2d 775 (1981). The plaintiff then filed the present suit, the complaint asserting essentially the same cause of action for breach of contract with additional language purporting to allege a cause of action for injury to real property in Pope county. See Ark. Stat. Ann. § 27-601 (Repl. 1979). The trial court again dismissed the action for improper venue. The appeal is brought to us under Rule 29 (1) (c).

Many of the salient facts are given in the Court of Appeals opinion and need not be restated. The plaintiff employed the two defendants (1) to design a large concrete storage structure, partly underground, for the long-term storage of cucumbers in brine and (2) to supervise the

construction work done by contractors and subcontractors. The present complaint alleges that after the structure had been completed and the plaintiff began to fill the tanks with brine, "the concrete walls moved with actual force and violence, resulting in permanent injury to the fixtures" and to the land described in the complaint. The complaint alleges that the defendants were negligent in designing the structure and in failing to properly supervise its construction. The complaint seeks damages of $1,205,600 for the defendants' negligent damage to the freehold, without specifying the elements of that damage.

Alternatively, the complaint seeks damages for breach of contract, also in the amount of $1,205,600, for improper design and supervision. Again the elements of damage are not stated. The complaint in the first case, as quoted in the present record and briefs, also sought damages of $1,205,600. There the items of damage were enumerated, including such matters as the cost of labor and materials for rebuilding the storage structure, excess labor costs, general inconvenience, and $113,219.73 for "[c]omplete demolition and haul off." Of the sixteen items listed in the earlier complaint only the quoted one seems to relate directly to repairing the physical injury to the real property.

The trial court's finding of improper venue was correct. Ever since the adoption of our Civil Code in 1869 our statutes have defined certain local actions and directed that all other actions be brought in the county of the defendant's residence. § 27-613. We have said repeatedly that our underlying policy is to fix the venue in the county of the defendant's residence unless for policy reasons there is a statutory exception. *Bituminous, Inc.* v. *Uerling,* 270 Ark. 904, 607 S.W. 2d 331 (1980); *Wernimont* v. *State ex rel. Little Rock Bar Assn.,* 101 Ark. 210, 142 S.W. 194, Ann. Cas. 1913D, 1156 (1911).

Here the plaintiff's asserted exception to the general rule is found in Section 27-601, which provides that actions for the recovery, partition, or sale of real property, or for an injury to real property, must be brought in the county where the land or part of it is situated. The motion to dismiss must

be taken to admit that the concrete storage tanks were fixtures and therefore part of the land. The question, however, is whether the complaint so definitely states a cause of action for an injury to real property that the venue can only be in Pope county, where the land lies. The complaint attempts to state a cause of action for an injury to the concrete fixtures on the plaintiff's land, but that allegation is subordinate to the basic breach of contract.

Which allegation governs? We have no case in point, but the decisions elsewhere reach a common-sense result, that when a complaint asserts both local and transitory causes of action the venue is determined by the real character of the action, by its principal purpose or object, by the principal right being asserted. *Haines* v. *Lamb,* 24 Cal. Rptr. 146 (1962); *McMullen* v. *McMullen,* 122 So. 2d 626 (Fla. App., 1960); *Quinn* v. *Butler Bros.,* 167 Minn. 463, 209 N.W. 270 (1926); *Bee County Coop. Assn.* v. *Dominy,* 489 S.W. 2d 418 (Tex. Civ. App., 1972); *Lake* v. *Reid,* 252 S.W. 2d 978 (Tex. Civ. App., 1952); *Fond du Lac Plaza* v. *H. C. Prange Co.,* 47 Wis. 2d 593, 178 N.W. 2d 67 (1970). The wisdom of the rule was shown in a child custody case in which the mother tried to establish venue in her own county by alleging that the father had committed a trespass on land in wrongfully taking the child from her possession. The appellate court affirmed the trial judge's conclusion that the trespass was only an incident to the mother's cause of action, not the basis for it. *Boyd* v. *Crabb,* 205 S.W. 2d 606 (Tex. Civ. App., 1947).

Here the real character of the action is not hard to determine. Professor Seaver spelled out a basic distinction: The purpose of the law of contracts is to see that promises are performed; the law of torts provides redress for various injuries. Book Review, 45 Harv. L. Rev. 209 (1931). Here the object of the pickle company's complaint is to obtain damages for a breach of contract. Under the allegations of the complaint the plaintiff cannot establish its right to recover except by proving a contract and the defendants' failure to perform their promises. That one of several consequences of that failure was a physical damage to land is merely an incident to the plaintiff's cause of action, not the

basis for it. Thus the substance of the complaint states a transitory cause of action, not a local one.

Affirmed.