FARM BUREAU MUTUAL INSURANCE COMPANY
OF ARKANSAS, INC. *v.* James SOUTHALL and
Honorable Tom F. DIGBY

83-143                              661 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered December 19, 1983

142

*Laser, Sharp & Huckabay, P.A.*, for petitioner.

*Seay & Bristow, P.A.*, by: *Bill W. Bristow*, for respondent Southall.

*Steve Clark*, Atty. Gen., by: *Jeffrey Story*, Asst. Atty. Gen., for respondent Digby.

JOHN I. PURTLE, Justice. This is an original action in this court. Petitioner seeks to prohibit the Pulaski County Circuit Court from hearing a case wherein the plaintiff alleges the defendant committed the tort of bad faith in refusing to properly handle a claim for damages arising

under the terms of a contract of insurance between the parties. A petition for a writ of prohibition is not the proper remedy for failure of the trial court to grant a motion to dismiss.

The petitioner issued a policy of insurance to respondent Southall. The policy provided, among other things, coverage for loss caused by hail. Southall's chicken houses sustained damages from the impact of rain, snow and sleet. Petitioner rejected the claim because it did not think sleet was hail within the meaning of the policy. Southall filed suit in Hot Spring County and lost, which decision was appealed. We reversed and remanded. *Southall* v. *Farm Bureau Mutual Ins. Co. of Arkansas,* 276 Ark. 58, 632 S.W.2d 420 (1982). Petitioner then confessed judgment and tendered the policy limits, plus penalty and interest, into the registry of the court. However, the matter of attorney's fees was not resolved and the Hot Spring County cause of action remains on the books for a final ruling on the amount of the attorney's fees to be awarded respondent Southall's attorney.

On January 27, 1983, Southall filed an action in Pulaski County wherein he sought to recover against the petitioner on the grounds of bad faith in refusing to settle the original hail damge loss. On June 8, 1983, he filed an action in Hot Spring Circuit Court which he called "Amended Complaint on a Conditional Basis." The petition for writ of prohibition had already been filed in this court. The complaints in Hot Spring and Pulaski Counties were identical in nature inasmuch as Southall sought to prove the tort of bad faith. Petitioner moved to dismiss the Pulaski County complaint on grounds that it did not state facts upon which relief could be granted; Pulaski County was the wrong venue; and another action was pending in the Hot Spring County case involving the same transaction. The court overruled the motion to dismiss and petitioner filed this action to prohibit trial in Pulaski County.

Before we adopted our present Rules of Civil Procedure in 1978, we had always followed the common law and code-pleading rule that a demurrer properly determines whether a complaint stated facts constituting a cause of action. A

companion rule was that an order merely sustaining or overruling a demurrer cannot be appealed, because it does not constitute a final judgment. Whether the demurrer was sustained or overruled, the losing party had to stand his ground and permit judgment to be entered in order to appeal. *Moody* v. *Jonesboro, L. C. & E. R.R.*, 83 Ark. 371, 103 S.W. 1134 (1907); *Benton County* v. *Rutherford*, 30 Ark. 665 (1875); *Horner, Adm'r.* v. *State*, 27 Ark. 113 (1871). A final judgment was required for two reasons: one, to avoid burdening this court with interlocutory piecemeal appeals while the case was still pending below; and, two, to permit the parties to amend their pleadings to supply any deficiency.

ARCP Rule 7 (c) abolishes demurrers, but Rule 12 (b)(6) fills the void by providing that a motion to dismiss may be used to assert as a defense that an adversary's pleading fails to state facts upon which relief can be granted. Rule 15 allows any party to amend his pleadings at any time without leave of court. And a final judgment is still necessary before a party can appeal, with exceptions not applicable to this case. ARAP, Rule 2.

Thus the only actual change made by the new rules is that the purpose formerly accomplished by a pleading called a demurrer is now accomplished by a pleading called a motion to dismiss. A final judgment is still required for appellate review. Since the petitioner, Farm Bureau, did not stand on its motion to dismiss and permit the entry of judgment for the plaintiff, it is not entitled to a decision in this court about whether the plaintiff's complaint states a cause of action. Any other view would permit the writ of prohibition to be used not to test the issue of jurisdiction but to test the sufficiency of a complaint filed in a court having jurisdiction both of the subject matter and of the person, as here. We should limit our review to the issue of jurisdiction, which does include the matter of venue.

The petitioner argues venue should be in Hot Spring County because the complaint sounds in tort and venue is controlled by Ark. Stat. Ann. § 27-610 (Repl. 1979). This venue statute requires actions for personal injury or wrong-

ful death to be brought in the county where the injury or death occurred or in the county where the person injured or killed resided at the time of the occurrence. We must consider three other venue statutes. Ark. Stat. Ann. § 66-3234 (Repl. 1980), provides for service of process upon a domestic insurer when suit is founded on a loss occurring under an insurance policy. Ark. Stat. Ann. § 27-605 (Repl. 1979), provides that actions against a corporation created by the laws of this state may be brought in the county in which it is situated or has its principal office. Ark. Stat. Ann. § 27-613 (Repl. 1979), is a kind of catchall venue statute which states: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." When a complaint asserts both local and transitory causes of action the venue is determined by the principal purpose of the action. *Atkins Pickle Co., Inc.* v. *Burrough-Uerling-Brasuell Consulting Engineers, Inc.*, 275 Ark. 135, 628 S.W.2d 9 (1982). *See also, Forrest City Machine Works, Inc.* v. *Colvin*, 257 Ark. 889, 521 S.W.2d 206 (1975). A writ of prohibition should not issue unless the petitioner is clearly entitled thereto and the court is without jurisdiction. *Wade* v. *State*, 264 Ark. 320, 571 S.W.2d 231 (1978). In this cause of action venue might be established either pursuant to Ark. Stat. Ann. §§ 27-605 or 27-613. In either instance Pulaski County is the proper venue.

The only part of the Hot Spring County case still pending is that of determining the amount of the attorney's fees to be assessed against petitioner. For all practical purposes the original action is not pending. The Hot Spring County action was on contract and the Pulaski County action is in tort. The present suit in Pulaski County is not for loss arising out of an insurance policy. We do not think there was another cause of action pending at the time the suit was filed in Pulaski County.

Writ denied.

ADKISSON, C.J., not participating.