## ARKANSAS BANK & TRUST COMPANY v. Harold ERWIN, Judge

89-198                                                    781 S.W.2d 21

Supreme Court of Arkansas
Opinion delivered December 11, 1989
[Rehearing denied January 16, 1990.*]

---

*Hickman and Hays, JJ., would grant rehearing. Turner, J., not participating.

*Barrett, Wheatley, Smith & Deacon*, by: *John V. Phelps*, for appellant.

*Bill W. Bristow, P.A.; David Throesch*; and *John Burris*, for appellee.

Tom Glaze, Justice. This case concerns a petition for writ of prohibition filed by the Arkansas Bank & Trust Co., alleging the Randolph County Circuit Court does not have venue of a law suit filed against the Bank by plaintiffs Kenneth Smith, Darrell Alphin and Tommie Alphin, the administratrix of the estate of William Alphin, deceased. We hold that venue is proper in Randolph County and deny the Bank's request for writ of

prohibition.

The Bank's involvement in this matter arose from its having been appointed guardian of the estate of J. D. Burchette in November 1967, when Burchette was found mentally incompetent. In 1985, Burchette was involved in an automobile accident in Montgomery County, which caused his own death, the death of William Alphin and injuries to David Alphin and Kenneth Smith. Apparently, Burchette's vehicle crossed the centerline of the highway, causing a head-on collision with the automobile containing the Alphins and Smith. At the time of the accident, the Alphins and Smith were residents of Randolph County; thus, under Ark. Code Ann. § 16-60-112(a) (1987), William Alphin's estate, Darrell Alphin and Smith chose to file suit against Burchette's estate in their home county of Randolph. That lawsuit resulted in a default judgment against Burchette's estate in the amount of $1,574,368. The Bank was not a party to that suit.

Apparently the plaintiffs were unable to recover any of their judgment against Burchette's estate, so they filed this second suit against the Bank. This suit alleged two causes of action against the bank, one for negligent entrustment and one for breach of fiduciary duty.[1] The plaintiffs again brought suit in Randolph County because they contend their negligent entrustment action is one for personal injury and wrongful death and § 16-60-112(a) allows them to fix venue in their resident county. The Bank responds stating that the real character of the plaintiffs' second suit is not one of negligent entrustment, but instead questions only the manner in which the Bank and its trust department functioned in its relationship as guardian of Burchette's estate. *See Atkins Pickle Co. v. Burrough-Uerling-Brasuell Consulting Engineers*, 275 Ark. 135, 628 S.W.2d 9 (1982). It further explains that the automobile accident was an entirely collateral matter in which the Bank did not participate. As a consequence, the Bank asserts any action against it must be filed under Ark.

---

[1] The plaintiffs brought suit individually and as assignees of Burchette's estate. While the Bank argues that the fact the plaintiffs brought the suit as assignees is conclusory that the complaint only stated a cause of action for breach of fiduciary duty, we disagree because the plaintiffs individually brought the cause of action for negligent entrustment.

Code Ann. § 16-60-104 (1987), the corporation venue statute, which fixes venue where the Bank's principal and only office is situated—Garland County.

■ The Bank relies heavily on our *Atkins Pickle* decision which adopted the rule that when a complaint asserts both local and transitory causes of action, the venue is determined by the real character of the action, by its principal purpose or object, by the principal right being asserted. In *Atkins Pickle*, the plaintiff Atkins Pickle brought a suit for breach of contract in Pope County, against defendants that were situated or resided in other Arkansas counties, and the suit was dismissed for improper venue. In a further effort to establish a local action and venue in Pope County, Atkins Pickle subsequently refiled its action, adding language to its original complaint purporting to allege injury to real property in Pope County. The trial court again dismissed Atkins Pickle's complaint for improper venue, and we affirmed. This court held that, even under the allegations of the new complaint, Atkins Pickle could not establish its right to recover except by proving a contract and the defendants' failure to perform their promises. The court concluded that the physical damage to land that resulted from the defendants' breach was only one of several consequences and was merely incidental and not the basis for Atkins Pickle's cause of action.

Contrary to the Bank's argument here, the plaintiffs' complaint clearly alleges negligent entrustment as a tort claim against the Bank and is not merely an action incidental to the plaintiffs' claim resulting from the Bank's alleged breach of a fiduciary duty it owed Burchette's estate. Negligent entrustment has been defined as follows:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk or physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) Torts § 390 (1965).

Entrustment cases, certainly the ones in Arkansas, generally have involved automobiles. *See generally*, Woods, *Negligent Entrustment: Evaluation of a Frequently Overlooked Source of Additional Liability*, 20 Ark. L. Rev. 101 (1966). While entrustment cases usually involve a supplier who in some manner directly entrusts the automobile to the incompetent, such negligent entrustment can also arise when the incompetent, instead of being given the automobile, is given funds to buy it. *Id.*; *Bugle* v. *McMahon*, 35 N.Y.S.2d 193 (1942). Generally, the following elements are necessary in an entrustment case:

(1) Proof the entrustee was incompetent, inexperienced or reckless;

(2) the entrustor knew or had reason to know of the entrustee's condition or proclivities;

(3) there was an entrustment of the chattel;

(4) the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; and

(5) the harm to the plaintiff was proximately or legally caused by the negligence of the defendant.

Here, the plaintiffs, in support of their theory of negligent entrustment, alleged the following:

(a) J. D. Burchette was incompetent by reason of insanity caused by schizophrenic reaction;

(b) That Arkansas Bank & Trust Company knew of its ward's condition and proclivities;

(c) That Arkansas Bank & Trust Company allowed its ward to operate said vehicle and in fact to do so without liability insurance;

(d) That the aforesaid entrustment and operation of said vehicle without insurance created an appreciable risk of harm to the public in general and these plaintiffs in particular and a correlational duty on the part of the defendant guardian; and

(e) That the harm to the plaintiffs herein was proxi-

mately caused by the negligent driving of J. D. Burchette and the negligence of defendant Arkansas Bank & Trust Company in allowing J. D. Burchette to operate said vehicle and further to operate said vehicle without liability insurance.

Although the plaintiffs included in their complaint a second count that set out another cause of action based on a breach of fiduciary duties imposed by statutory law and common law, they also clearly alleged the separate tort cause of action for entrustment.[2] Plaintiffs' entrustment theory, as alleged in their complaint, rests on its own facts and law and does not depend on whether the Bank breached its duties to Burchette's estate. Because negligent entrustment, as alleged, is a wrong which resulted in the death or injuries of the plaintiffs, venue, under § 16-60-112(a), is proper in Randolph County because that county is where the plaintiffs lived at the time of injury.

Our holding is in keeping with this court's decision in *Forrest City Machine Works* v. *Colvin*, 257 Ark. 889, 521 S.W.2d 206 (1975), where we held that if the personal injury venue statute (§ 16-60-112(a)) is inconsistent with the venue statute which pertains to domestic corporations (§ 16-60-104), it is only inconsistent insofar as actions for personal injury or death caused by a wrongful act are concerned and in that case the personal injury statute applies.

For the reasons stated above, the writ of prohibition is denied.

HICKMAN, PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. The majority opinion improperly places venue of this cause of action in Randolph County. This case is not about an automobile accident. Instead, it concerns an assignment of a judgment and the management of the trust department of a Garland County bank, which has no other base of operation. Lip service is paid to the allegation of negligent entrustment. If, however, negligent entrustment oc-

---

[2] No motion for severance was made regarding the second count, and we do not reach the question regarding whether the trial court had venue as to the cause of action contained in that count.

curred at all, it occurred in Garland County. Not even the automobile accident upon which the initial judgment was based occurred in Randolph County. Therefore, I see no basis whatsoever for establishing venue in that county.

This is an ingenious method on the respondent's part of getting the petitioner out of its native Garland County and into the friendly environment of Randolph County. It is interesting to note that the bank was not named in the original complaint. Had the bank been named at that time, we can be sure that at least the present motion would have been made earlier. If prohibition had been denied, the bank would at least have been able to come in and fight the case on its merits.

Regardless of what an action is called, it should be viewed for what it really is. We had this principle in mind in deciding *Farm Bureau Mutual Ins. Co. of Arkansas* v. *Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983), where we stated: "When a complaint asserts both local and transitory causes of action the venue is determined by the principal purpose of the action." To the same effect, see *Atkins Pickle Co., Inc.* v. *Burrough-Uerling-Brasuell Consulting Engineers, Inc.*, 275 Ark. 135, 628 S.W.2d 9 (1982).

The petitioner correctly asserts that Ark. Code Ann. § 16-60-104 (1987) requires that a cause of action against a corporation be brought "in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides."

The petitioner bank was the guardian only of the estate of the incompetent. Perhaps another party was the guardian of the person. The only allegations in the complaint concerning acts of the bank were conclusory charges of "negligent entrustment" and the bank's allowing the ward "to operate said automobile . . . without liability insurance. . . ." Surely there should be specific acts of negligence recited if this is a negligence case. Mere conclusions are never sufficient to state a cause of action.

Although I have nothing against lawyers demonstrating initiative by fashioning novel theories for recovery, I do feel that such theories should be buttressed with specific allegations of facts which would support a judgment. It is contrary to the venue statutes and our prior decisions to allow this type of action to be

606

maintained in Randolph County.

Venue is apparently a matter of choice now. This decision will no doubt encourage the expansion of forum shopping.

HICKMAN and HAYS, JJ., joins this dissent.

---

*Hickman and Hays, JJ., would grant rehearing. Turner, J., not participating.