BRISTOL-MEYERS SQUIBB COMPANY, et al.
*v.* SALINE COUNTY CIRCUIT COURT

97-558                                    947 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered July 7, 1997

*Shook, Hardy & Bacon*, by: *David Brooks* and *Deborah Moeller*; *Baxter, Wallace & Jensen*, by: *Ray Baxter*; *Wright, Lindsey & Jennings*, by: *M. Samuel Jones III* and *Claire Shows Hancock*, for petitioners Bristol-Meyers Squibb Company and Medical Engineering Corporation.

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for petitioner HCA Health Services of Midwest, Inc.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Mark N. Nalbert*, for petitioner Physician's Surgery Center of Arkansas, Inc.

*Friday, Eldredge & Clark*, by: *Tonia P. Jones*, for petitioner Baptist Health Center d/b/a Baptist Medical Center; St. Joseph's Regional Health Center.

*Clevenger, Angel & Miller*, by: *Richard L. Angel*, for petitioners James Billie, M.D.; James D. Billie, M.D., P.A.; Norton Allen Pope, M.D.; John H. Brunner, M.D.; and Hot Springs Medical Group, P.A. d/b/a Burton Eisele Clinic.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *David M. Donovan*, for petitioners John Edward Allen, Jr., M.D., Individually, and Arkansas Surgery Clinic, P.A.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *R. T. Beard*, for petitioners James S. Beckman, Jr., M.D., Individually, and Fayetteville Plastic Surgey Clinic; John D. McCracken, M.D., Individually; Robert Grandt Vogel, M.D.; Thomas H. Allen, M.D., Individually, and Arkansas Plastic Surgery Association, Ltd.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Mike Huckabay*, for petitioner St. Vincent Infirmary.

*Boswell, Tucker, Brewster & Hicks*, by: *Robert A. Ginnaven III*, for respondents.

PER CURIAM. This is a petition for writ of prohibition filed by the defendants in a case that involves what are alleged to be faulty breast implants. Complaints have been filed by 19 plaintiffs against both Bristol–Meyers Squibb Company (Bristol–Meyers) and Medical Engineering Corporation (MEC) for (1) strict liability in tort for supplying a defective and unreasonably dangerous product, (2) negligence in the design and manufacture of the product, and (3) fraud in the marketing and distribution of the product. The 19 plaintiffs also assert claims for strict liability in tort based on supplying a defective product against defendant doctors and medical facilities residing and located in Washington County, Garland County, and Pulaski County. Of the 19 plaintiffs, only one, Brenda Davis, resides in Saline County, where the action was filed.

Plaintiffs claim that venue is proper in Saline County because they have brought an action for fraud, and pursuant to Ark. Code

Ann. § 16-60-113(b) (1987), venue is proper in any county where any one plaintiff resides. Defendants respond that the real character of the action is one for personal injury, which, pursuant to Ark. Code Ann. § 16-60-112(a) (1987), requires that the action be brought either in the county where the accident occurred or in the county where the plaintiff resided at the time of the injury. Defendants petition this court for a writ of prohibition to the Saline County Circuit Court to dismiss the claims of those 18 plaintiffs, other than Brenda Davis, who did not reside in Saline County at the time of their alleged injury. We agree with the defendants and grant the writ.

In *Coca-Cola Bottling Co. v. Kincannon, Judge*, 202 Ark. 235, 150 S.W.2d 193 (1941), this court discussed the applicability of Act 314 of 1939, now codified at § 16-60-112(a):

> This act is—as it professes to be—a venue statute, and localizes actions for personal injury by requiring that such actions shall be brought (a) in the county where the accident occurred which caused the injury or death, or (b) in the county where the person injured or killed resided at the time of the injury[.]

*Coca-Cola Bottling Co. v. Kincannon, Judge*, 202 Ark. at 237-38, 150 S.W.2d at 194. The term "accident" has been defined as the "incident" or "wrongful act" that caused the injury. *Coca-Cola Bottling Co. v. Kincannon, Judge*, 202 Ark. at 239, 150 S.W.2d at 194. Furthermore, the "injury" complained of must be corporeal or physical in nature. *See, e.g., Belin v. West*, 315 Ark. 61, 864 S.W.2d 838 (1993); *Tilmon v. Perkins*, 292 Ark. 553, 731 S.W.2d 212 (1987). The application of this venue provision to cases involving recovery for personal injury is mandatory. *Forrest City Machine Works v. Colvin*, 257 Ark. 889, 521 S.W.2d 206 (1975).

In their second amended complaint, plaintiffs asserted claims against Bristol-Meyers and MEC for fraud and negligence and a claim against all defendants for strict liability in tort. Although numerous causes of action are pled, this court has long held that venue is controlled by the provisions of the Arkansas Code rather than the characterization of a claim given by a plaintiff. *See, e.g., Arkansas Bank & Trust Co. v. Erwin*, 300 Ark. 599, 781 S.W.2d 21 (1989)(holding that personal-injury statute

applied to a claim for negligent entrustment that resulted in death); *Evans Laboratories v. Roberts, Judge*, 243 Ark. 987, 423 S.W.2d 271 (1968)(holding that personal-injury statute controlled even though plaintiff asserted a claim for breach of implied warranty that resulted in physical injury). Furthermore, when two or more actions are pled that lie in different venues, venue is determined by the real character of the action and the principal right being asserted. *See Fraser Bros. v. Darrah Co.*, 316 Ark. 297, 871 S.W.2d 367 (1994); *Frank A. Rogers & Co. v. Whitmore, Judge*, 275 Ark. 324, 629 S.W.2d 293 (1982); *Atkins Pickle v. Burrough-Uerling-Brasuell*, 275 Ark. 135, 628 S.W.2d 9 (1982).

██ Based on the review mandated by our case law, we conclude that plaintiffs' primary purpose is to recover damages for personal injury suffered due to the use of the implants during their breast-augmentation procedures. As a result, the mandatory provisions of § 16-60-112(a) must be applied. *See Forrest City Machine Works v. Colvin, supra.* Undoubtedly, plaintiffs have stated facts sufficient to support an action for fraud against Bristol-Meyers and MEC that, under other circumstances, would provide an appropriate venue for *all* plaintiffs against Bristol-Meyers and MEC in Saline County. *See* Ark. Code Ann. § 16-60-113(b). *See also Quinney v. Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995). However, viewing the complaint as a whole in order to determine the real character of the action, it is clear that plaintiffs seek a recovery that would otherwise require each to proceed either in the county where the accident occurred or where each resided at the time of the injury. *See* Ark. Code Ann. § 16-60-112(a). *See, e.g., Goodwin v. Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989). Saline County is an improper venue as to the 18 plaintiffs whose accident occurred in either Washington County, Garland County, or Pulaski County, and who did not reside in Saline County at the time of the injury.

Based on our review of the pleadings, we determine that the writ should issue to the Saline County Circuit Court with instructions to dismiss the claims of those plaintiffs other than Brenda Davis.

Writ granted.

GLAZE and THORNTON, JJ., not participating.