Courtney Hudson Goodson, Justice, dissenting. Á majority of this court declares that a writ of prohibition is not the appropriate method for challenging a circuit court’s ruling on venue. As though it were writing on a clean slate, the majority makes this bold pronouncement even though it is contrary to well-established caselaw consisting of at least sixty-flve decisions and the historical practice of this court spanning over eighty-five years. Because a writ of prohibition is and has long been considered the proper vehicle for a defendant to challenge an adverse ruling on venue, I must emphatically dissent. Accordingly, I would address the merits of the issue presented in the petition and answer the question whether venue of this cause of action lies in the Circuit Court of Faulkner County, or elsewhere. | inFor decades, we have made clear that a writ of prohibition is an original action in this court under which we may consider the issue whether venue is proper. Premium Aircraft Parts, LLC v. Circuit Court of Carroll Cty., 347 Ark. 977, 69 S.W.3d 849 (2002); Willis v. Circuit Court of Phillips Cty., 342 Ark. 128, 27 S.W.3d 372 (2000). Succinctly stated, we address allegations of improper venue by means of the extraordinary writ. Evans v. Blankenship, 374 Ark. 104, 286 S.W.3d 137 (2008) (citing Premium Aircraft, supra). This court has recognized that “we commonly issue writs of prohibition when venue is improperly laid.” Fausett v. Host, 315 Ark. 527, 534, 868 S.W.2d 472, 475 (1994) (citing Thompson v. Dunlap, 244 Ark. 178, 424 S.W.2d 360 (1968)). This court “has traditionally issued the writ in circumstances where venue is improper.” Milligan v. Circuit Court of Crawford Cty., 331 Ark. 439, 441, 959 S.W.2d 747, 748 (1998) (per curiam). See also Ford v. Wilson, 327 Ark. 243, 248, 939 S.W.2d 258, 260 (1997) (recognizing that “the writ may issue when venue lies improperly”). We have expressly held that venue, or the lack of it, is a “proper subject for a writ of prohibition.” Shelter Mut. Ins. Co. v. Taylor, 281 Ark. 60, 62, 661 S.W.2d 369, 370 (1983) (citing Tucker Enters., Inc. v. Hartje, 278 Ark. 320, 650 S.W.2d 559 (1983)). Indeed, this court has often observed that we have a “long history” of granting the writ when venue is improper as to a party. Centerpoint Energy, Inc. v. Miller Cty. Circuit Court, 372 Ark. 343, 354, 276 S.W.3d 231, 239 (2008) (Centerpoint II); Ark. Game & Fish Comm’n v. Harkey, 345 Ark. 279, 283, 45 S.W.3d 829, 832 (2001); Steve Standridge Ins., Inc. v. Langston, 321 Ark. 331, 333, 900 S.W.2d 955, 957 (1995). As this court has stated many times, this is so because the issue of venue is characterized as one of jurisdiction of the- person, the improper assertion of which, in that Ininstance, justifies the issuance of a writ of prohibition. Centerpoint II, supra; Harkey, supra; Steve Standridge, supra; Tortorich v. Tortorich, 333 Ark. 15, 968 S.W.2d 53 (1998). Thus, a writ of prohibition will issue when a lower court without venue is about to act. Griffin v. State, 297 Ark. 208, 760 S.W.2d 852 (1988) (citing Tucker Enters., supra; Beatty v. Ponder, 278 Ark. 41, 642 S.W.2d 891 (1982) (overruled as superseded by statute on other grounds, as recognized in Henderson Specialties, Inc. v. Boone Cnty. Circuit Court, 334 Ark. 111, 971 S.W.2d 234 (1998)); Int’l Harvester Co. v. Brown, 241 Ark. 452, 408 S.W.2d 504 (1966); and Monette Road Improvement Dist. v. Dudley, 144 Ark. 169, 222 S.W. 59 (1920)). In conducting this review, we look only to the pleadings to determine if a complaint lacks sufficient facts to support venue, and we ascertain the character of the action and the primary right asserted from the face of the complaint. Centerpoint II, supra. The only limitation this court has placed on this practice is that we will grant the writ only when there are no disputed facts regarding venue. Henderson Specialties, supra; Porter Foods, Inc. v. Brown, 281 Ark. 148, 661 S.W.2d 388 (1983); Coley v. Amsler, 226 Ark. 492, 290 S.W.2d 840 (1956); Twin City Lines, Inc. v. Cummings, 212 Ark. 569, 206 S.W.2d 438 (1947). It is evident that this court has deemed a writ- of prohibition as an accepted means to review the merits of a lower court’s denial of a motion to dismiss asserting improper venue. This principle is so firmly established that a respected treatise states unequivocally that “if a venue challenge is rejected and the issue does not require'a factual determination, the defendant may file a petition for writ of prohibition asking the Supreme Court to prevent the trial court from entertaining the action.” David Newbern, John Watkins & D.P. Marshall Jr., Arkansas Civil Practice & Procedure § 9.1 (5th ed.2010). In taking the opposite view, the majority insists that a writ of prohibition,does not lie in these circumstances unless a circuit court is “wholly without jurisdiction,” and it emphasizes that jurisdiction and venue involve different principles. However, this court has accepted petitions for writ of prohibition to determine whether venue is proper with the full knowledge that jurisdiction and venue are not identical concepts and that the question of venue does not quite fit squarely within the standards typically applied when considering a writ of prohibition.' On this subject, we have said, As stated earlier, a writ of prohibition is extraordinary relief that is only appropriate when the trial court is wholly without jurisdiction. While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised. [Ark. Game & Fish Comm’n v. Harkey, supra]. Venue has thus often been characterized as procedural rather than jurisdictional. Id. However, even though procedural, this court has a long history of granting the writ when venue is improper as to a party. Id. This is so because this court characterizes the venue issue as - one of jurisdiction of the person, the improper assertion df which in that instance, justified issuance of the writ. Id. Centerpoint II, 372 Ark. at 354, 276 S.W.3d at 239. Any question regarding this court’s traditional practice was laid to rest not so long ago in Prairie Implement Co. v. Circuit Court of Prairie County, 311 Ark. 200, 844 S.W.2d 299 (1992). There, the petitioner applied to this court for a writ of prohibition to contest venue in a breach-of-contract action. In the course of the opinion, we addressed the respondent’s argument in opposing, the petition that “venue is not the same as jurisdiction, suggesting that an appeal would be the only remedy available to petitioner.” Prairie Implement, 311 Ark. at 201, 844 S.W.2d at 201, As to the availability of an appeal, we rejected that contention by |iasaying that such a claim would be a valid consideration only “when there is a dispute of fact.” Id. (emphasis in original). On the question that the writ does not apply because venue does not implicate the lower court’s jurisdiction, we stated, This court understands that venue is a procedural matter, not a jurisdictional one. Mark Twain Life Ins. Corp. v. Cory, 283 Ark. 55, 670 S.W.2d 809 (1984). This distinction is made clear in our holdings that, absent an objection, a trial court has the power to render a binding judgment even though venue was not proper. See Gland-O-Lac v. Creekmore, 230 Ark. 919, 327 S.W.2d 558 (1959). Even though lack of venue is not the same as lack of jurisdiction, we treated venue the same asjurisdiction-over-the-person for many years in determining whether a writ of prohibition should issue. Perhaps our reasoning has been based more on history than in logic. In early years we held that if a defendant filed a motion objecting to venue or a motion to. quash invalid service, and the trial court ruled against him, an appeal to this court served to enter his general appearance in the case no matter how erroneous the trial court ruling might have been. Benjamin v. Birmingham, 50 Ark. 433, 8 S.W. 183 (1887). For example, in Waggoner v. Fogleman, 53 Ark. 181, 13 S.W. 729 (1890), in a short but illustrative two-sentence opinion, we held that the judgment in the trial court was void for lack of service, but “the appellant having entered her appearance by the appeal is now in court, and no further service is required” upon remand. This unreasonable rule was severely criticized.by the court in Chapman & Dewey Lumber Co. v. Means, 191 Ark. 1066, 88 S.W.2d 829 (1935), and finally overruled in Anheuser-Busch, Inc. v. Manion, 193 Ark. 405, 100 S.W.2d 672 (1937). Perhaps in response to the harshness of such a rule, and because, with such a rule, an appeal could not afford an adequate remedy, we began to allow defendants to seek prohibition after they had objected to venue, even though it was not truly an objection to jurisdiction. Today, we continue to follow our precedent, and toe will grant the writ when, on undisputed facts, a trial court erroneously finds that venue is proper. Arkansas Bank & Trust Co. v. Erwin, 300 Ark. 599, 781 S.W.2d 21 (1989); Tucker Enterprises, Inc. v. Hartje, 278 Ark. 320, 650 S.W.2d 559 (1983); Beatty v. Ponder, 278 Ark. 41, 642 S.W.2d 891 (1982); International Harvester v. Brown, 241 Ark. 452, 408 S.W.2d 504 (1966); Monette Road Improvement Dist. v. Dudley, 144 Ark. 169, 222 S.W. 59 (1920). Accordingly, toe will consider issuing the writ in this case. Prairie Implement, 311 Ark. at 202-03, 844 S.W.2d at 300 (emphasis supplied).[1] Our holding in Prairie Implement could not be clearer — a writ of prohibition is the proper method to challenge improper venue, unless the resolution of that' issue depends on disputed facts. What is more, this court expressly reaffirmed this practice in Steve Standridge, supra, where we said, Issuance of a writ of prohibition is limited in most instances to cases in which there is a complete lack of jurisdiction in the trial court of the subject matter of litigation and there is no other way to halt the proceedings. Monroe Auto Equipment Co. v. Partlow, 311 Ark. 633, 846 S.W.2d 637 (1993). This Court, however, has a long history of granting the writ in favor of a party as to whom venue is improperly laid. We characterize the venue issue as one of jurisdiction of the person, the improper assertion of which, in that instance, justifies issuance, of a writ of prohibition. That tradition and the reasons for it are reported and explained in Prairie Implement Co. v. Circuit Court of Prairie County, 311 Ark. 200, 844 S.W.2d 299 (1992). Steve Standridge, 321 Ark. at 333, 900 S.W.2d at 956-57. See also Boatmen’s Nat’l Bank of Ark. v. Cole, 329 Ark. 209, 947 S.W.2d 362 (1997) (citing Prairie Implement as the ease explaining this court’s tradition of issuing writ of prohibition where venue is improper). Until today’s decision, bur opinions reflect this court’s settled and clear understanding that thé writ is an appropriate means to contest venue. The majority’s logic is flawed. Particularly confusing is its statement, without citation to authority, that “[n]ot every case of improper venue implicates jurisdiction.” However, as discussed at length above,, we have said time and again that a circuit court’s erroneous and improper assertion of venue is grounds for issuing the writ. Our law could not be more plain. 11fiIn an additional, yet vain, effort to support its position, the majority cherry picks a few from the multitude of this court’s decisions concerning the writ and venue. I will discuss each in turn. The. majority cites Farm Bureau Mutual Insurance Co. of Arkansas, Inc. v. Southall, 281 Ark. 141, 661 S.W.2d 383 (1983), for the proposition that “a writ of prohibition is not the proper remedy for the failure of a circuit court to grant a motion to dismiss.” However, the majority takes this statement entirely out of context. The opinion reveals that this court was referring to the argument in the petition for writ of prohibition claiming error in the denial of a motion to dismiss on the ground that the complaint failed to state facts upon which relief could be granted. Accordingly, and correctly, this .court did no.t address .the denial of the motion to dismiss on that basis because it is not a proper subject of the writ. Consequently, the Southall court “limit[ed].[its] review to the issue of jurisdictions which does include the matter of venue.” Southall, 281 Ark. at 144, 661 S.W.2d at 385. In considering the writ, we reviewed the pleadings and the relevant venue statutes, determined that two of the statutes could apply 'to the cause of action, and denied the writ because both of those- statutes placed venue in the court where the action was pending. Southall is by no means authority for the majority’s position. Rather, it is-a reflection of this court’s practice to determine the merits of the question whether venue is proper. Next, the majority refers to Arkansas Game and Fish Commission v. Mills, 371 Ark. 317, 265 S.W.3d 760 (2007), which it touts as an example of a casé where this court denied the writ of prohibition because jurisdiction was not wholly lacking and the remedy of appeal was ] ^available. In that case, the plaintiffs sued the Commission in White County seeking the reformation of deeds relating to mineral interests in property located in White and Prairie Counties. The Commission sought a writ of prohibition in this court, contending that suits against it had to be-filed in Pulaski County pursuant to a particular venue statute. After reviewing the pertinent venue statutes in existence at that time and considering the merits, of the arguments raised, this court concluded that the case fit within an exception that allowed an action to be brought in a. county other than Pulaski County if the action could be filed in another county pursuant to another venue statute. We denied the writ and held that venue in White County was proper because another venue statute permitted suits affecting an interest in real property to be filed in the county where the property was located. Notably, this court did not say that the writ was not the appropriate means to test venue. On the contrary, the opinion in that case is simply another example of our practice to determine whether venue in a particular county is proper by means of the extraordinary writ. The same can be said of our decision in Premium Aircraft, supra, which is also cited by the majority. There, we granted the writ after considering the allegations in the complaint with respect to the venue statute in question and upon determining the issue on the merits that venue did not lie in the county where the lawsuit had been filed. The majority’s reliance on Centerpoint II, supra, is particularly unavailing. In its opinion, the majority states that we granted the writ of prohibition in that case on the issue of venue because jurisdiction in the circuit court was lacking based on Centerpoint Energy, Inc. v. Miller County Circuit Court, 370 Ark. 190, 258 S.W.3d 336 (2007) (Centerpoint I), where this l17court held that the Arkansas Public Service Commission had exclusive jurisdiction over the claims asserted by Arkansas customers. This statement made by the majority is either a grievous misreading of the opinion in Centerpoint II, or worse, a deliberate perversion of the holding in that case. Following the decision in Center-point I that jurisdiction of the claims of the Arkansas customers lay exclusively before the Commission, Centerpoint moved in- the circuit court to dismiss for improper venue because, once the claims of the Arkansas customers were dismissed, the only remaining plaintiff was a resident of Texas. • Thus, Centerpoint argued that venue in Miller County, Arkansas, was improper. The circuit court disagreed, and Center-point filed, among other- things, a petition for writ of prohibition in this court to contest venue in Miller County. In Cen-terpoint II, this court granted the writ, but our decision did not rest, as the majority states, on the holding in the prior appeal that the-Commission had exclusive jurisdiction. Instead, we granted the writ because no Arkansas venue statute fixed venue in Miller County over claims brought by a plaintiff who was a resident of the State of Texas. Clearly, the majority’s decision rests on infirm ground because the authorities cited in the opinion do not support its position. As I have said, and this court has openly acknowledged, we have a long history and tradition of entertaining the writ of prohibition to determine whether venue is proper. In effect, and by abruptly changing course, the majority overrules scores of cases upon which this tradition was built and carried forward. See, e.g., Bd. of Trustees v. Crawford Cty. Circuit Court, 2014 Ark. 60, 431 S.W.3d 851 (accepting a petition for writ of prohibition contesting venue as a case but holding that the issue of venue | iswas moot, based on the decision in a companion'case, that the defendant enjoyed sovereign immunity); Centerpoint II, supra (granting a writ of prohibition for improper venue); Kinder Morgan Texas Pipeline, L.P. v. Circuit Court of Miller Cty., 372 Ark. 358, 276 S.W.3d 242 (2008) (issuing the writ because venue was improper); Mills, supra (denying the writ because venue was proper); Premium Aircraft, supra (granting the writ for improper venue); Harkey, supra (granting the writ for lack of venue); Willis, supra (granting the writ because venue was not proper); Henderson Specialties, supra (denying the writ because respondent pled adequate facts to support venue); Milligan, supra (denying the writ because venue was proper); Bristol-Meyers Squibb Co. v. Saline Cty. Circuit Court, 329 Ark. 357, 947 S.W.2d 12 (1997) (granting the writ for improper venue); Boatmen’s Nat’l Bank, supra (denying the writ where venue was proper); Ford, supra (denying the writ because venue was proper); Steve Standridge, supra (granting the writ for improper venue); Evans Indus. Coatings, Inc. v. Chancery Court of Union Cty., 315 Ark. 728, 870 S.W.2d 701 (1994) (granting the writ for improper venue); Prairie Implement, supra (adhering to precedent that the writ is the proper means to challenge venue but denying the writ because the grounds asserted in the petition were not raised below); Ark. Bank & Trust Co. v. Erwin, 300 Ark. 599, 781 S.W.2d 21 (1989) (denying the writ because venue was proper); Griffin, supra (recognizing that the writ will issue when a lower court without venue is about to act); Benton Window & Door, Little Rock Div., Inc. v. Garrett, 290 Ark. 244, 718 S.W.2d 438 (1986) (denying the writ where venue was proper); Wilson-Pugh, Inc. v. Taylor, 289 Ark. 102, 709 S.W.2d 93 (1986) (granting the writ because venue was improper); FirstSouth, F.A. v. Yates, 286 Ark. 82, 689 S.W.2d 532 (1985) (granting the writ | ^because venue was not proper); Porter Foods, supra (denying the writ because the venue question turned on a finding of fact); Southall, supra (denying the writ because venue was proper); Shelter Mut. Ins. Co., supra (granting the writ where venue was improper); Hartje, supra (granting the writ for improper venue); Beatty, supra (granting the writ where venue was improper); Frank A. Rogers & Co. v. Whitmore, 275 Ark. 324, 629 S.W.2d 293 (1982) (denying the writ because venue was proper); Taylor v. Partain, 267 Ark. 476, 591 S.W.2d 653 (1980) (granting the writ where venue was not proper); Am. Sav. & Loan Ass’n v. Enfield, 261 Ark. 796, 551 S.W.2d 552 (1977). (denying the writ because venue was proper); Philco-Ford Corp. v. Holland, 261 Ark, 404, 548 S.W.2d 828 (1977) (granting the writ where application of the venue statute to a foreign corporation was deemed unconstitutional); Willis Shaw Frozen Express v. Digby, 260 Ark. 284, 538 S.W.2d 706 (1976) (granting the writ where venue was improper); Carney v. Cummings, 258 Ark. 362, 524 S.W.2d 623 (1975) (granting the writ because venue was not proper); Forrest City Mach. Works, Inc. v. Colvin, 257 Ark. 889, 521 S.W.2d 206 (1975) (denying the writ because venue was proper); Doyle v. Williams, 251 Ark. 797, 475 S.W.2d 170 (1972) (granting the writ where venue was improper); Sw. Bell Tel. Co. v. Roberts, 246 Ark. 864, 440 S.W.2d 208 (1969) (granting the writ where venue was not proper); Ark. Valley Indus., Inc. v. Roberts, 244 Ark. 432, 425 S.W.2d 298 (1968) (granting the writ where venue was wrongly placed); Evans Labs., Inc. v. Roberts, 243 Ark. 987, 423 S.W.2d 271 (1968) (granting the writ where venue was improper); Int’l Harvester, supra (granting the writ because venue was not proper); Belford v. Taylor, 241 Ark. 220, 406 S.W.2d 868 (1966) (denying the writ where the resolution of the venue question depended on disputed facts); Murry v. Circuit Court of Saline Cnty., 230 Ark. 132, 320 S.W.2d 940 (1959) (same); Nw. Motors, Inc. v. Creekmore, 229 Ark. 755, 318 S.W.2d 614 (1958) (granting the writ for improper venue); Hicks v. Wolfe, 228 Ark. 406, 307 S.W.2d 784 (1957) (granting the writ where venue was not proper); Coley, supra (denying the writ because resolving the venue issue depended on disputed facts); Se. Constr. Co. v. Wood, 223 Ark. 325, 265 S.W.2d 720 (1954) (denying the writ because venue was proper); Se. Constr. Co. v. Wood, 223 Ark. 328, 265 S.W.2d 722 (1954) (same); Am. Republic Life Ins. Co. v. Cummings, 218 Ark. 888, 239 S.W.2d 10 (1951) (granting the writ where venue was improper); E. Tex. Motor Freight Lines, Inc. v. Wood, 218 Ark. 211, 235 S.W.2d 882 (1951) (denying the writ because venue was proper); Sims v. Toler, 214 Ark. 732, 217 S.W.2d 928 (1949) (granting the writ where venue was not proper); Twin City Lines, Inc. v. Cummings, supra (denying the.writ where the veriue question depended on disputed facts); Gen. Motors Acceptance Corp. v. Purkins, 204 Ark. 229, 161 S.W.2d 398 (1942) (denying the writ where venue was proper); McCain v. Hammock, 204 Ark. 163, 161 S.W.2d 192 (1942) (denying the writ because venue was proper); Chicago, Rock Island & Pac. Ry. v. Bone, 203 Ark. 1067, 160 S.W.2d 51 (1942) (denying the writ where venue was proper); Gocio v. Seamster, 203 Ark. 944, 160 S.W.2d 197 (1942) (denying the writ because venue was proper); Norton v. Purkins, 203 Ark. 586, 157 S.W.2d 765 (1942) (granting the writ where venue was improper); Mo. Pac. R.R. Co. v. Kincannon, 203 Ark. 76, 156 S.W.2d 70 (1941) (denying the writ where venue was proper); Terminal Oil Co. v. Gautney, 202 Ark. 748, 152 S.W.2d 309 (1941) (granting the writ because venue was improper); Viking Freight Co. v. Keck, 202 Ark. 656, 153 S.W.2d 163 (1941) (denying the. writ where venue was Improper); Coca-Cola Bottling Co. v. Kincannon, 202 Ark. 235, 150 S.W.2d 193 (1941) (denying the writ because venue was proper); Fort Smith Gas Co. v. Kincannon, 202 Ark. 216, 150 S.W.2d 968 (1941) (granting the writ where venue was improper); Grayson v. Ganratt, 192 Ark. 47, 90 S.W.2d 500 (1936) (denying the writ because venue-was proper); W. Union Tel. Co. v. Bush, 191 Ark. 1085, 89 S.W.2d 723 (1935) (granting the writ, because venue was improper); Meeks v. Waggoner, 191 Ark. 189, 85 S.W.2d 711 (1935) (denying the writ where venue was proper); Mo. Pac. R.R. Co. v. Henry, 188 Ark. 530, 66 S.W.2d 636 (1934) (granting the writ because venue was not proper); Williams v. Priddy, 188 Ark. 137, 64 S.W.2d 553 (1933) (granting the writ where venue was improper); Pac. Mut. Life Ins. Co., v. Toler, 187 Ark. 1073, 63 S.W.2d 839 (1933) (recognizing that the writ is the appropriate remedy to test venue but denying .the writ because the question of venue was waived); Leonard v. Henry, 187 Ark. 75, 58 S.W.2d 430 (1933) (granting the writ because venue improper); Crowe v. Futrell, 186 Ark. 926, 56 S.W.2d 1030 (1933) (denying the writ where the placement of venue depended on disputed facts); Drainage Dist. No. 7, Poinsett Cty. v. Hutchins, 184 Ark. 521, 42 S.W.2d 996 (1931) (denying the writ because venue was proper). In each. of these decisions, this court examined the pleadings to determine the true character of the action, reviewed the competing venue statutes at issue, and we have either granted the writ because venue was improper or denied it because venue was proper or turned on disputed facts. The majority is simply wrong to say that the petition presently before us represents an unwarranted expansion of'the use of the writ. On the contrary, this case is merely the latest in a long line of decisions where, with the approval of this court, the writ 122is considered a proper means to challenge venue. In Prairie Implement, supra, this court both explained and confirmed the'settled practice of entertaining the writ' on questions of venue, speaking of adherence to precedent, which is reflected in the foregoing decisions that I have mentioned. In the face of such a well-developed body of the law, I am compelled to remind the majority of the policy behind stare ’decisis, which is to lend predictability and stability to the law. See Miller v. Enders, 2013 Ark. 23, 425 S.W.3d 723. There is a strong presumption of the validity of prior decisions, and it is necessary, as a matter of public policy, to uphold previous decisions unless great injury or injustice would - result. Id. In matters .of practice, adherence by a court to its own decisions is necessary and proper for the regularity and .uniformity of practice, so that litigants may know with certainty the rules by which they must be governed in conducting their cases. McCutchen v. City of Fort Smith, 2012 Ark. 452, 425 S.W.3d 671. Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. Couch v. Farmers Ins. Co. 375 Ark. 255, 289 S.W.3d 909 (2008), In tossing these cases aside, the majority does not explain why its .denouncement of our settled and long-held practice that, spans decades is necessary. In the present case, the respondents filed suit in Faulkner County as the county of the petitioner’s principal office pursuant to Arkansas Code Annotated section 16-55-213(a)(2)(B) (Repl.2005). In seeldng, the writ of prohibition, petitioner .asserts that the allegations contained in the respondents’ complaint sound in trespass and nuisance which, being local in nature as operating on the lands in question, must be brought in White and Van Burén Counties, where the properties are located, under Arkansas Code Annotated section 16-60-101(4) (Repl.2005). Alternatively, the petitioner contends that the respondents stated- claims for personal injuries and that, even accepting-that characterization, venue also lies in White and Van Burén Counties pursuant to Arkansas Code Annotated section 16-60-112(a) (Repl.2005).[2] Further, the petitioner argues that the application of section 16-60-112(a) is mandatory even if the defendant is a corporation, citing Arkansas Bank & Trust Co. v. Erwin, supra, and Colvin, supra. In the- past, when determining -whether-the complaint lacks facts to support venue, this court has endeavored to address the merits of the venue question presented by ascertaining from the face of the complaint the character of the action and the primary right asserted. See, e.g., Henderson Specialties, supra. Here, the majority holds that it need not decide whether venue actually resides in Faulkner County. According to the majority, it is enough that there is some conceivable basis for the placement of venue in the county where the respondents chose to file suit. Stated another way, the majority has determined that it will not decide the merits of the question" whether venue properly lies in Faulkner County. However, it is this court’s fundamental duty to give effect to the legislative purpose set by the venue statutes. Centerpoint II, supra; Premium Aircraft, supra; Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538 (1995). See also Meeks, 191 Ark. at 189, 85 S.W.2d at 711 (recognizing that "[t]he Legislature, | ^however, prescribes' the venue of actions and ... with the wisdom' of its action in such matters, the courts have nothing to do”). Moreover, as explained in great detail above, the majority’s decision is out of step with our settled practice of entertaining the writ and determining where venue properly lies. This court should resolve the merits of the venue question before us,, as guided by our caselaw. For all these reasons, I dissent, Wynne, J., joins. . In Prairie Implement, although we entertained the writ, we ultimately-declined to issue it because the grounds asserted before us in the petition were not raised or ruled upon in the circuit court. . The General Assembly made changes to our venue laws with the -passage of Act 830 of 2015, which became effective on July 22, 2015. The parties in this cáse do not mention or discuss the provisions of the new act or the' effect, if any, that the revisions may have on the present controversy. Cf. Fort Smith Gas Co. v. Kincannon, supra (granting the writ of prohibition and holding that venue statutes, being procedural 'in nature, are to be applied retroactively, even as to cases that are properly filed under a repealed statute, unless the new act contains a savings clause).