C. Wesley WOODCOCK *v.* FIRST COMMERCIAL BANK

84-199                                                683 S.W.2d 605

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Richard J. Orintas,* for appellants.

*Friday, Eldredge & Clark,* by: *Meredith P. Catlett,* appellee.

JOHN I. PURTLE, Justice. The trial court held that the liability of a bank, on failure to timely answer a writ of garnishment, was limited by the provisions of Ark. Stat. Ann. § 31-507 (Repl. 1962) and that the foregoing statute limited liability to an amount not exceeding that which the bank would have been liable for up until the time of the answer. We think the trial court properly interpreted the statute and appellants' arguments for reversal must fail.

A judgment creditor of a bank depositor served the bank with writs of garnishment on September 12 and 27, 1983. The second writ was served before an answer had been filed by the bank. The bank filed a single answer on October 6, 1983. This was timely for the second writ but tardy for the first one. The bank tendered the sum of $121.58 with its answer. By stipulation of the parties, this would have been the maximum amount of appellee's liability had the answers been timely filed. The trial court interpreted the statute to limit a bank's liability to the funds or property on hand up until the answer was filed even though the answer was untimely.

The question presented on appeal is the construction of Ark. Stat. Ann. § 31-507. We do not find, nor have we been cited, any case previously construing this statute although it has been a law since 1913. Acts 1913, No. 113, as amended by Acts of 1923, No. 627. Prior to the separate legislation

favoring the banks, a tardy answer dictated judgment against the garnishee for the amount of the plaintiff's judgment against the original defendant. Ark. Stat. Ann. § 31-512 (Acts of 1889, No. 115) (Repl. 1962).

The primary rule in the construction of statutes is to ascertain and give effect to the legislative intent. It is our duty so far as practicable to reconcile the different provisions of a statute to make them consistent, harmonious and sensible. *Shinn* v. *Heath*, 259 Ark. 577, 535 S.W.2d 57 (1976). The reason, spirit and intended purpose of the Acts of the General Assembly are basic guideposts in statutory construction. *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W.2d 279 (1964). The first thing we do in construing a statute is to look at the language of the statute and give it its ordinary meaning. *Hicks* v. *Arkansas State Medical Bd.*, 260 Ark. 31, 537 S.W.2d 794 (1976). It is our duty to give effect to the true intent of the General Assembly even though such intent has not been clearly expressed by the language employed. *Steele* v. *Murphy*, 279 Ark. 235, 650 S.W.2d 573 (1983).

Ark. Stat. Ann. 31-507 reads in part as follows:

If any garnishee, being a bank, savings bank, or trust company domiciled in this state . . . shall neglect to answer on or before such return day the said writ or any interrogatories which have been exhibited against it, the court or justice before whom such matter is pending shall enter judgment in general terms against such garnishee, and such general judgment shall be deemed to be for costs of the garnishment and for an amount not exceeding the full amount specified in the plaintiff's judgment against the original defendant and also not exceeding the amount or value in which at the time when served and thereafter up to and including said return day such garnishee was indebted, or had in its hands or possession goods, chattels, moneys, credits and effects belonging to said original defendant . . . .

The critical language in the foregoing statute is, "for an amount not exceeding the full amount specified in the plaintiff's judgment against the original defendant and also

not exceeding the amount or value which at the time when served and thereafter up to and including said return day such garnishee was indebted, or had in its hands or possession goods . . . belonging to said original defendant." We think the plain and ordinary meaning of the language in the foregoing statute was clearly intended to limit the amount of recovery against a garnishee bank to the amount which the bank owed the debtor up until the time the bank answered.

Affirmed.