The Honorable Mike Wilson State Representative State of Arkansas P. O. Box 5269 Jacksonville, AR 72076
Dear Representative Wilson:
You have requested an opinion on the following issue:
 Whether the provision of Act 12 of 1986, codified as Ark. Stat. Ann. 34-1211(E)(1) (Interim Supp. 1986), which requires that the non-custodial parent or obligated spouse pay an annual fee to the Chancery Clerk, is mandatory or directory, and whether the phrase "prior to the filing of the order" is to be interpreted literally.
Ark. Stat. Ann. 34-1211(E)(1) states:
 All orders directing payments through the Registry of the Court shall set forth an annual fee to be set by the Court of not less than $12.00 nor more than $24.00 per year, which shall be paid by the non-custodial parent or obligated spouse prior to the filing of the order and shall be collected on an annual basis from the non-custodial parent or obligated spouse during the anniversary month of the entry of the order each year thereafter until no children remain minor and the support obligation is extinguished . . . (Emphasis added.)
Whether a statute is given mandatory or directory interpretation is a question of statutory construction to which all of the rules and principles of construction are applicable. Certain guidelines, however, are recognizable. For example, unless the context otherwise indicates, the word "shall" (except when used in the future tense) indicates a mandatory intent. 1A C. Sands, Sutherland Statutory Construction, 25.04, at 445-556 (4th 1985 Rev.) In addition, judicial expressions suggest a presumption favoring a mandatory interpretation of a statute unless the directory character of the statute "clearly appears". Id.
Hence, the words "shall be paid by the non-custodial parent or obligated spouse" and "shall be collected . . ." are mandatory in nature. No directory language appears in this particular provision from which one might infer that the non-custodial parent or obligated spouse has the right to decline to pay the annual fee.
The primary objective in statutory construction is to ascertain and effectuate legislative intent as gleaned from the language of the statute considered in its entirety. Kifer v. Liberty Mutual Insurance Company, 777 F.2d 1325 (8th Cir. 1985). See Henderson v. Russell, 267 Ark. 140, 589 S.W.2d 565 (1979). To determine said legislative intent, in addition to the language of the statute, the following are considered: the subject matter, the object to be accomplished, the purpose to be served, the underlying policies, the remedies provided, and the consequences of various interpretations. Kifer, supra. Therefore, if a statute is to make sense, its construction must be harmonious with the statutory scheme and the purposes or objectives of the legislature. Little Rock Crate Basket Company v. Young, 284 Ark. 295,681 S.W.2d 388 (1984). See United Hospital Center, Inc. et al. v. Richardson, et al., 757 F.2d 1445 (4th Cir. 1985).
Clearly, one of the purposes or objectives of 34-1211 is to assist the custodial parent in the proper support and care of the minor children which resulted from the marriage of the custodial and non-custodial parent. 34-1211(E)(1) compels the non-custodial parent or obligated spouse to pay an annual fee as part of their support obligation.
It is always proper to look at the preamble of an act to determine the legislative intent. Oliver v. Southern Trust Company,138 Ark. 381, 212 S.W.2d 77 (1919). See Okla Homer Smith Manufacturing Company v. Larson and Wear, Inc. and Industrial Roofing and Sheet Metal Company, Inc., 278 Ark. 467, 646 S.W.2d 696
(1983).
The preamble to Act 12 of 1986 states:
 "AN ACT TO AMEND SECTION 9 OF CHAPTER 51 OF THE REVISED STATUTES, AS AMENDED [ARKANSAS STATUTE 34-1211], TO PROVIDE FOR AN ANNUAL FEE TO COURT CLERKS TO OFFSET THE ADMINISTRATIVE COSTS OF MAINTAINING CHILD SUPPORT PAYMENT RECORDS; AND FOR OTHER PURPOSES."
An impartial reading of Act 12 confirms the statement in the preamble that the Act was intended to provide an annual fee to court clerks to offset the administrative costs. In light of this legislative intent, it becomes clear that the payment of such fees is mandatory, not directory; otherwise, such payments would never be made by the non-custodial parents or obligated spouses.
It is our understanding that as the law presently reads, because of the words "prior to", an non-custodial parent or obligated spouse has only to decline or fail to pay the annual fee and no valid order of child support can legally be filed against that person. In addition, because of the "prior to" language in the statute, the Pulaski County Chancery Clerk is refusing to file any of these child support orders unless the clerk receives payment from that parent or assurance of payment from the Child Support Enforcement Unit.
The phrase "prior to the filing of the order" should not be given this strict construction. Such a reading of the law would result in punishing the custodial parent and the children, thereby favoring an unjust, absurd, and unreasonable result and would clearly be against the will of the General Assembly and the plain purpose of the law. The words "prior to" should be construed with reference to the statute as a whole, and not in isolation. State v. Brown, 283 Ark. 304, 675 S.W.2d 822 (1984).
A liberal construction is accorded the act in order to effectuate its purpose, Henderson, supra, and a statutory construction which results in absurd consequences is abandoned in favor of a more reasonable interpretation. Dollar v. State, 287 Ark. 61,697 S.W.2d 868 (1985).
If there exists no ambiguity, the words in the statute are given their usual and ordinary meaning and the statute is given effect exactly as it reads. Chandler v. Perry-Casa Public Schools District No. 2, et al., 286 Ark. 170, 690 S.W.2d 349 (1985). But, if confusion or ambiguity exists, then as the Supreme Court of Arkansas has repeatedly held, the reason, spirit, and intention of the legislation shall prevail over its strict and literal meaning, especially in cases where strict adherence to the letter of the law would result in absurd consequences or injustice, would lead to contradictions, or would defeat the plain purpose of the law. Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964); Stover v. Stover, 287 Ark. 116, 696 S.W.2d 750 (1985). See also Garrett v. Cline, 257 Ark. 829, 520 S.W.2d 281 (1975); Woodcock v. First Commercial Bank, 284 Ark. 490, 683 S.W.2d 605 (1985).
In summary, it is my opinion that the answer to your question is that the provision of Act 12 of 1986, Ark. Stat. Ann. 34-1211(E)(1), was intended to provide an imperative duty upon non-custodial parents or obligated spouses to pay the annual fee and, therefore, it is a mandatory provision. Also, the refusal of that parent to pay the annual fee does not prevent a child support order from being entered against that parent.
The official opinion, which I hereby approve, was prepared by Lee Taylor Franke, Assistant Attorney General.