HAND DELIVERED
Honorable David Matthews State Representative State Capitol Building Little Rock, AR 72201
Dear Representative Matthews:
You have requested an Opinion regarding Act 10 of the Second Extraordinary Session of 1986, codified as Ark. Stat. Ann. 81-1323.1 (1986 Int. Supp.). That statutory section, as you point out in your request, authorizes and directs the Workers' Compensation Commission to promulgate appropriate rules and regulations to establish and implement a preliminary conference procedure for claims with respect to injuries occurring on or after January 1, 1987.
That preliminary conference procedure, as outlined by this Act, is designed to accomplish the following objectives:
 (a) To provide the claimant an opportunity to confer with a legal advisor on the staff of the Commission to be advised of his rights under the Act and to ensure that such rights are protected; the conference shall be held in the county where the accident occurred, if the same occurred in this state, unless otherwise agreed to between the parties, or otherwise directed by the Commission.
 (b) To provide an opportunity for, but not compel, a binding settlement of some or all the issues present at that time.
 (c) To facilitate the resolution of issues without the expenses of litigation or attorneys fees for either party.
 (d) To authorize the legal advisor to approve compromise settlements entered into at or as a result of the preliminary conference, but not to the extent of a joint petition settlement under section 19(1). Citation omitted).
In Opinion No. 87-94, we opined that a claimant could not be mandated to confer with a legal advisor on the staff of the Commission under the language of subsection (a). Instead, we opined that the claimant had to be afforded the "opportunity" to confer with a legal advisor which allows the claimant the discretion to determine whether or not to so confer.
Your follow-up question to that Opinion is:
 1. Do the rules promulgated by the Commission have the effect of law?
 2. May the Commission promulgate rules that require the preliminary conference in certain cases, (such as cases involving permanent disability) under the language of section 11?
You attach a letter from the Workers' Compensation Commission in which the Commission relates that the preliminary conference procedure they have established under this Act is mandatory in certain types of cases. The letter notes that the Commission plans to conduct preliminary conferences primarily in cases involving permanent disability and that nothing in the law or the rules promulgated thereunder will prevent any claimant from being represented by an attorney of his or her choice.
As was stated in Opinion No. 87-94, no case law in Arkansas exists interpreting this statute; presumably, because of its recent enactment.
Nonetheless, certain rules of statutory construction must be applies to this statute as well as to all others which might be interpreted by an Arkansas Court.
First, Arkansas Courts are directed to first look to the language of the statute itself, U.S. v. Anderson, 626 F.2d 1358, 1365, (8th Cir. 1980), cert. den., 450 U.S. 912, 101 S.Ct. 1351,67 L.Ed.2d 336 (1981); Woodcock v. First Commercial Bank, 284 Ark. 490, 492,683 S.W.2d 605 (1985) and give the words of that statute their ordinarily and commonly accepted meaning. Thompson v. Younts,282 Ark. 524, 527, 669 S.W.2d 471 (1984).
Act 10 of 1986 is a comprehensive act providing for compensation for disabilities incurred by workers, the method of filing of claims and the payment of compensation therefore [therefor]. Statutory authorization for the preliminary conference procedure is found in that statutory scheme in section 11. The clear language of section 11 not only authorizes, but directs the Commission to promulgate rules and regulations to establish and implement a preliminary conference procedure. In so doing, the Commission may not, as matter of law, promulgate rules and regulations which go beyond the scope of the statutory language itself or are more restrictive than authorization granted by the Legislature to the Commission. Mohawk Rubber Co. v. Buford,259 Ark. 614, 619, 535 S.W.2d 819 (1976); Kettell v. Johnson and Johnson, 337 F. Supp. 892 (D.C. Ark. 1972).
Thus, the answer to your first question is "yes," the rules promulgated by the Commission have legal effect upon the parties involved just as the statute as long as those rules do not exceed the authorization in the statute.
The answer to your second question is "yes," the Commission may promulgate rules to require a preliminary conference in certain cases because of the statutory language in which they are "directed" to "establish and implement" a preliminary conference procedure. Examples of what the Commission could not, by rule and regulation, require under section 11 would be the following — they cannot mandate the claimant to confer with a legal advisor on the staff of the Commission, they cannot mandate a binding settlement of some or all of the issues presented at the preliminary conference, and they cannot authorize the legal advisor to approve compromise settlements to the extent of a joint petition settlement under section 19(1).
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.