The Honorable Bruce Hawkins State Representative 221 East Church Morrilton, Arkansas 72110
Dear Representative Hawkins:
This is in response to your opinion request regarding Act 388 of 1985, codified as Ark. Stat. Ann. 19-1115 and 19-1116 (Supp. 1985). Act 388 of 1985 allows persons who have served as mayor of a second class city to retire after twenty years of service, or sixteen years of service upon reaching age sixty-five. In order that guidelines for a retirement program may be established, you have requested answers to the following specific questions:
 1. Is the service time from the day a city becomes a second class city or does it include service time as mayor of an incorporated town prior to the town becoming a second class city?
 2. Is the city required to pay some amount or can the council elect not to pay a retirement?
3. Is there a recommended amount to pay?
 4. If the mayor is a member of another retirement system, can he or she participate in both mayor retirement and another system?
In regard to your first question, rules of statutory construction would suggest that the service time referred to in Act 388 begins when an incorporated town becomes a city of the second class. 19-1115 specifically states that "(p)ersons who have served as mayors of second class cities for at least twenty years may retire at any age, and persons who have served as mayors of second class cities for at least sixteen years may retire upon reaching age sixty-five."
The first rule in considering the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common language. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). Woodcock v. First Commercial Bank, 284 Ark. 490, 683 S.W.2d 605 (1985). The language of the statute is clear in requiring that to be eligible for retirement benefits, a mayor must have served in a city of the second class for twenty years, or sixteen years upon reaching age sixty-five. There is no provision regarding the inclusion of service to a municipal corporation before becoming a city of the second class. Such a grandfather clause could easily have been included.
In answer to your second question, it appears that a city of the second class is required to pay retirement benefits to mayors who choose to retire in accordance with the provisions of Act 388 of 1985. The Act in Section 1 provides that "(t)he retirement benefits shall be prescribed by the city council." The word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to absurdity. Loyd v. Knight, 288 Ark. 474,706 S.W.2d 393 (1986). Thus, Act 388 of 1985 mandates city councils of cities of the second class to prescribe retirement benefits for eligible mayors.
Your third question inquires whether there is a recommended amount to pay members who are eligible for benefits under Act 388. The Act does not specifically address this issue. Rules of statutory construction provide, however, that where interpretation of a particular statute is in doubt, express language and legislative construction of another statute employing similar language and applying to similar persons or things may control by force of analogy. Stribling v. United States, 419 F.2d 1350 (8th Cir. 1969). Act 305 of 1985, codified as Ark. Stat. Ann. 19-1038 — 19-1040, provides for retirement benefits for mayors of cities of the first class. Because Act 305 employs similar language and applies to similar persons and subjects, its provisions may be of some guidance in determining the amount of retirement benefits to pay. Section 1 of Act 305 provides that the retirement benefit shall be "at the rate of one-half of the salary payable to such mayor at the time of his retirement." The city council may, if it so chooses, use this provision for guidance in determining the amount of benefits to pay.
Finally, in regard to your fourth question, it appears that a mayor eligible for benefits under Act 388 may participate in other retirement systems as well. There is no language in Act 388 specifically prohibiting participation in a retirement benefit program other than the one provided for in the Act. Such language, had it been the intention of the General Assembly, could have easily been included.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.