The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This opinion is a response to your recent question regarding the prosecutorial powers of city attorneys. Your correspondence referenced Attorney General Opinion No. 95-235, in which I opined that A.C.A. §§16-21-150 and -115 must be interpreted to impose upon city attorneys the responsibility of prosecuting misdemeanor violations of state law that occur within the city limits, in situations where the prosecuting attorney chooses not to do so. With regard to such prosecutions, you have presented various questions, which have been restated as follows:
 (1) In cases involving misdemeanor violations of state law within a city's limits, what prosecutorial powers do city attorneys and assistant city attorneys have if the prosecuting attorney does not "deputize" them?
 (2) If city attorneys do not have "deputy" status, may they take sworn statements, file charges by information in circuit court, and subpoena witnesses in an investigative capacity?
 (3) If city attorneys may not carry out any of the functions set forth in Question 2, what may a city do to assure that its residents receive equal protection of the law?
RESPONSE
Question 1 — In cases involving misdemeanor violations of state lawwithin a city's limits, what prosecutorial powers do city attorneys andassistant city attorneys have if the prosecuting attorney does not"deputize" them?
It is my opinion that in connection with the prosecution of cases involving misdemeanor violations of state law within a city's limits pursuant to the responsibility imposed by A.C.A. §§ 16-21-150 and -115, city attorneys and assistant city attorneys have all of the same prosecutorial powers held by prosecuting attorneys, regardless of whether they have been "deputized" by the prosecuting attorney.
Admittedly, the statutory law on this point is in need of clarification. Nevertheless, my conclusion regarding this matter can be drawn by implication from various rules of statutory construction. One such rule is that which states that the legislature will not be presumed to have enacted a vain or meaningless law. See Death and Permanent TotalDisability v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). Another rule is that which states that in interpreting statutory language, it is appropriate to infer matters that are expressly omitted when to do so is necessary to give effect to the legislative intent. SeeWoodcock v. First Commercial Bank, 284 Ark. 490, 683 S.W.2d 605 (1985);City of Fort Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973). Moreover, in construing legislation, it is appropriate to look not only to the express provisions of the act, but also to the subject matter, the object to be accomplished, the purpose to be served, the underlying policies, the remedies provided, and the consequences of various interpretations. Kifer v. Liberty Mut. Ins. Co., 777 F.2d 1328 (8th Cir. 1985).
These rules of statutory construction have application to the question that you have presented. If city attorneys do not have full prosecutorial powers, including the power to take sworn statements, file charges by criminal information,[1] and subpoena witnesses in an investigatorial capacity, then the grant by the legislature to city attorneys of the responsibility to prosecute misdemeanor state law violations that occur within city limits would, in effect, be meaningless. Whirlpool, supra.
Moreover, I opined in Op. No. 95-235 that the legislative intent of A.C.A. § 16-21-150[2] was to relieve prosecuting attorneys of the responsibility of prosecuting misdemeanor state law violations that occur within city limits, and to impose that responsibility upon city attorneys. The only way that this intent can be carried out is to infer a concurrent grant by the legislature to city attorneys of full authority to exercise incidental prosecutorial functions. Woodcock, supra, andBrewer, supra. Such an inference is consistent with the subject matter of § 150, the object to be accomplished by that statute, the purpose to be served by it, its underlying policies, and the remedies provided by it.Kifer, supra. This inference is also appropriate in light of the consequences of any other interpretation of the statute. Id.
My conclusions regarding this matter are bolstered by the Arkansas Supreme Court's decision in Weems v. Anderson, 257 Ark. 376, 510 S.W.2d 895
(1974), in which the court held that a special prosecutor, even though not statutorily authorized, must be presumed to have authority to proceed in the investigation and prosecution in the same manner as the regular prosecutor, if he is to be effective in the prosecution. See alsoSpringfield v. Carter, 175 F.2d 914 (8th Cir. 1949); Landthrip v. City ofBeebe, 268 Ark. 45, 593 S.W.2d 458 (1980).
It should also be noted that city attorneys can avail themselves of the various prosecutorial powers provided in the Rules of Criminal Procedure, which define the phrase "prosecuting attorney" to include city attorneys and their assistants, see Rule 1.6(b)(ii), Ark. Rules of Crim. P., and those provided in A.C.A. § 16-96-101 et seq.
Question 2 — If city attorneys do not have "deputy" status, may they takesworn statements, file charges by information in circuit court, andsubpoena witnesses in an investigative capacity?
See response to Question 1.
Question 3 — If city attorneys may not carry out any of the functions setforth in Question 2, what may a city do to assure that its residentsreceive equal protection of the law?
Even if it were held that city attorney were not empowered to carry out the functions set forth in Question 2, cities do have the power to grant their attorneys such authority.
City attorneys are directed to carry out the functions prescribed for them by their cities' governing bodies. See A.C.A. §§ 14-43-313 and -314;14-42-112(d)(2)(B). In prescribing such functions, city governing bodies are allowed broad authority to address matters affecting the city's interest, provided that they do not contravene state law. See A.C.A. §14-42-307. Moreover, cities are presumed to have the power to carry out functions that are not explicitly authorized, if such functions are incidental to and necessary for the carrying out of those functions that are explicitly authorized. See City of Little Rock v. Raines,241 Ark. 1071, 411 S.W.2d 486 (1967). On the basis of these guiding principles, I conclude that cities' governing bodies have full authority to authorize their city attorneys to carry out all prosecutorial functions that are incidental and necessary to the prosecution of misdemeanor state law violations that occur within the city's limits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] City attorneys for cities of the second class and for towns are explicitly authorized to file charges by information. See A.C.A. §14-42-112(c).
[2] A.C.A. § 16-21-150 states: "No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so."