T&T MATERIALS, INC. *v.* Willie MOONEY and Northwest Paving Co., Inc.

CA 99-84                                                4 S.W.3d 512

Court of Appeals of Arkansas
Division I
Opinion delivered November 17, 1999
[Petition for rehearing denied January 5, 2000.]

*Hardin & Grace, PA*, by: *William T. Terrell*, for appellant.

*James & Carter, PLC*, by: *Paul J. James*, for appellees.

SAM BIRD, Judge. Appellant, T&T Materials, Inc., brings this appeal contending that the Pulaski County Circuit

Court erred in determining that venue was not proper in its court and that the Van Buren County Circuit Court erred in dismissing its complaint. We find no error, and we affirm.

On January 6, 1997, a consent judgment for $55,023.31, plus interest and costs, was entered in the Crawford County Circuit Court in favor of T&T against appellee Willie Mooney. Mooney is a resident of Crawford County; T&T's principal place of business is in Van Buren County. Subsequent to the entry of the judgment, appellant propounded interrogatories to Mooney, and Mooney filed his responses in Crawford County Circuit Court and forwarded a copy to T&T's counsel in Pulaski County. In his answers to the interrogatories, Mooney stated that he was employed by appellee Northwest Paving Co., Inc. Upon receiving Mooney's answers to the interrogatories, T&T forwarded a writ of garnishment and interrogatories to Northwest, and Northwest timely responded to the writ and answered the interrogatories, stating that Mooney was its employee, disclosing Mooney's weekly wages, and setting forth the amounts of tax and retirement withholdings from Mooney's weekly paycheck. A copy of Northwest's answers to the interrogatories was also forwarded to T&T's counsel in Pulaski County.

Thereafter, in an effort to obtain information he needed to prepare an appropriate order of delivery, T&T's counsel wrote three letters, over a period of approximately two months, to counsel for Northwest, requesting that he provide specific information as to how much money was being withheld from Mooney's weekly paycheck as a result of T&T's garnishment. After receiving no response to his letters from Northwest's counsel, T&T's counsel presented a proposed order of disbursement to the Crawford County circuit judge, ordering Northwest to pay over to T&T "all garnished wages or other amounts" subject to the writ of garnishment. However, three days later, and before the proposed disbursement order was entered, Northwest filed an amended response to the writ of garnishment, stating that Mooney was not its employee, but that he was employed by Certified Systems, Inc., a temporary employment agency in Texas, and stating that Northwest was leasing its employees (including Mooney) from Certified Systems.

After receiving Northwest's amended response to the interrogatories, T&T filed a complaint in Pulaski County, against Mooney

and Northwest, contending that they had fraudulently concealed benefits paid to Mooney by Northwest and that they had fraudulently concealed Mooney's assets. T&T alleged that Ark. Code Ann. § 16-60-113(b)(1987) vested jurisdiction and venue in Pulaski County. Northwest and Mooney filed a motion to dismiss the Pulaski County action, stating that Pulaski County Circuit Court lacked jurisdiction of the parties and the subject matter of the action, that venue was not proper in Pulaski County, and that the complaint failed to state a claim upon which relief could be granted. Before the Pulaski County Circuit Court ruled on Mooney and Northwest's motion, the Crawford County Circuit Court, on motion of T&T, entered an order dismissing the garnishment proceeding against Northwest, without prejudice. Shortly thereafter, the Pulaski County Circuit Court granted Mooney and Northwest's motion to dismiss T&T's complaint for fraud, stating that Pulaski County was not the proper venue, and granted T&T's oral request to transfer the case to Van Buren County Circuit Court.

Thereafter, Van Buren County Circuit Court dismissed T&T's complaint, stating that it did not have subject-matter jurisdiction, and pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted. The circuit judge relied upon three statutes:

> Ark. Code Ann. § 16-110-404 (1987): The garnishee shall, on the return day named in the writ, exhibit and file, under his oath full, direct, and true answers to all such allegations and interrogatories as may have been exhibited against him by the plaintiff.

> Ark. Code Ann. § 16-110-405(a) (1987): If the garnishee files his answer to the interrogatories exhibited and the plaintiff deems the answers untrue or insufficient, he may deny the answers and cause his denial to be entered on the record.

> Ark. Code Ann. § 16-110-405(b) (1987): The court or justice, if neither parties require a jury, shall proceed to try the facts put in issue by the answer of the garnishee and the denial of the plaintiff.

In an amended order, the Van Buren County circuit judge stated, "The Court finds that the Plaintiff's allegations must be addressed to the Crawford County Circuit Court because that is the court in which the writ of garnishment originated." It is from that

order that the appellant brings this appeal asking this court to reverse the court's order of dismissal and remand the case to the Van Buren County Circuit Court with instructions to transfer the case back to Pulaski County Circuit Court.

For its first point on appeal, T&T argues that the Crawford County Circuit Court erred in determining that T&T must pursue its fraud claims against Mooney and Northwest as part of the underlying Crawford County action where the judgment sought to be collected was entered and from which the writ of garnishment was issued. T&T argues that the garnishment statutes referred to by the Van Buren County Circuit Court are not applicable in this case because Northwest's original answer to the writ of garnishment was that Mooney was its employee, an answer that T&T would not have disputed. In the alternative, T&T argues that even if it had filed an objection to Northwest's amended answer (stating that Mooney was not its employee), T&T would have no remedy against Northwest because, in light of Northwest's amended answer stating that Mooney is not its employee, "there never was any amount due from Northwest (as the garnishee) to Willie Mooney (defendant)," and the garnishment statutes do not give the trial court authority to enter judgment against a garnishee for funds that the garnishee never held. Thus, T&T contends that the only way it can recover funds that it would have garnished from Certified Systems (the employment agency in Texas), had Northwest and Mooney not given intentionally false and misleading answers, is through a separate cause of action, such as the fraud action it filed in Pulaski County Circuit Court.

T&T also argues that if this court agrees that it is entitled to maintain the fraud action separate and apart from the garnishment action, then this court must also agree that Pulaski County Circuit Court erred in finding that it did not have venue to hear the case. The basis of T&T's fraud action is that Northwest is "finding other ways to pay Willie Mooney so as to preclude creditor attachment of those wages and is participating in the fraudulent concealment of Mooney's assets." Thus, T&T apparently asserts that Northwest's amended answer, stating Mooney was not an employee and that it was not indebted to Mooney, is false and fraudulent. T&T argues that because Mooney's and Northwest's fraudulent answers were mailed to its attorney in Pulaski County, venue is proper in Pulaski County under Ark. Code Ann. 16-60-113(b), apparently on the

theory that "part of a scheme to defraud ... was communicated ... into ..." Pulaski County. However, because we do not agree with T&T that the fraud action can be maintained separate and apart from the garnishment action, we need not address whether Pulaski County Circuit Court erred in stating that it did not have venue and in transferring the case to Van Buren County Circuit Court. We disagree with T&T's argument because, contrary to its contention, there is a remedy under the garnishment statutes against garnishees who file false answers to writs of garnishments.

■ The primary rule in the construction of a statute is to ascertain and give effect to the legislative intent. *Woodcock v. First Commercial Bank*, 284 Ark. 490, 683 S.W.2d 605 (1985). It is the duty of this court to reconcile the different provisions of a statute to make them harmonious and sensible. *Id.*; *Shinn v. Heath, Director*, 259 Ark. 577, 535 S.W.2d 57 (1976). The reason, spirit, and intended purposes of the Acts of the General Assembly are basic guideposts in statutory construction. *Woodcock v. First Commercial Bank, supra.* The first thing this court does in construing a statute is to look at the language of the statute and give it its ordinary meaning. *Id.* It is the duty of the courts to give effect to the true intent of the General Assembly even though such intent has not been clearly expressed by the language employed. *Id.*

The presently existing garnishment statutes were enacted as Act 115 of 1889. As originally adopted, sections five and six read as follows:

> Sec. 5. If the garnishee shall file his answer to the interrogatories exhibited, and the plaintiff shall deem such answers untrue or insufficient, he may deny such answer, and cause his denial to be entered on the record; and the court or justice, if neither party require a jury, shall proceed to try the facts put in the issue by the answer of the garnishee and the denial of the plaintiff.

> Sec. 6. If the issue be found for the garnishee he shall be discharged without farther[sic] proceedings; but if the issue be found for the plaintiff judgment shall be entered for the amount found due from the garnishee to the defendant in the original judgment, or so much thereof as will be sufficient to satisfy the plaintiff's judgment, with costs.

The garnishment statutes are now codified at Ark. Code Ann. § 16-110-401 (1987) *et seq.* Specifically, section five of the Act is codified

at Ark. Code Ann. § 16-110-405 (a) & (b) (1987). Section 6 of the Act is now codified at § 16-110-410 (1987).

Construing the garnishment statutes in a way that makes them consistent, harmonious, and sensible, as we must, we find that there was available to T&T a means to object to the answers to the interrogatories, that there was a process through which the court could determine whether Mooney and Northwest's answers were false, and that there was a remedy available to T&T if the court had so found.

Arkansas Code Annotated section 16-110-404 (1987) states that the garnishee shall file "full, direct, and true answers to allegations and interrogatories as may be exhibited against him by the plaintiff." Arkansas Code Annotated section 16-110-405(a) (section five of Act 115 of 1889) states that should the garnishee file his answers and the plaintiff deems those answers untrue or insufficient, then the plaintiff may deny the answer and cause this denial to be entered on the record. Under section 16-110-405(b), after a plaintiff disputes the truthfulness of a garnishee's answer, the court or justice shall proceed to try the facts put in issue by the answer of the garnishee and the denial of the plaintiff. Arkansas Code Annotated section 16-110-410 (section six of Act 115 of 1889) provides a remedy for the prevailing party after the court or justice has tried the issues created by the answer of the garnishee and the denial of the plaintiff. This section has had little revision since its enactment and reads:

> (a) If the issue is found for the garnishee, he shall be discharged without further proceedings.
>
> (b) However, if the issue is found for the plaintiff, judgment shall be entered for the amount due from the garnishee to the defendant in the original judgment, or so much thereof as will be sufficient to satisfy the plaintiff's judgment, with costs.

Therefore, under the garnishment statutes, T&T had a statutory remedy had it disputed Mooney's and Northwest's answers to the interrogatories and given the Crawford County Circuit Court an opportunity to decide the issue.

Case law has addressed a situation similar to the case at bar. In *Bell v. West d/b/a West's Serv. Sta.*, 241 Ark. 89, 406 S.W.2d 316 (1966), a plaintiff (judgment creditor) appealed from a decision of

the trial court refusing to award him judgment against the garnishee for the full amount of his judgment against a defendant, where the garnishee had filed an incorrect answer to a writ of garnishment. The supreme court, citing *Harris v. Harris*, 201 Ark. 684, 146 S.W.2d 539 (1941), reversed and remanded to the trial court for entry of judgment against the garnishee for the full amount of plaintiff's judgment against the defendant, holding that where the garnishee failed to file a true answer to the writ, the garnishee became liable for the full amount of the principal judgment. The decision in *Bell* is consistent with the relief provided for by Ark. Code Ann. § 16-110-910.

■ Therefore, because Arkansas law provides a statutory remedy for a party who proves, after a trial on the issues, that false answers to interrogatories propounded with a writ of garnishment have been filed, T&T had a remedy in the Crawford County Circuit Court where its judgment against Mooney was entered and where it initiated the garnishment proceedings against Northwest for the collection thereof. And we hold that no separate and independent fraud action exists in any county arising out of the alleged untruthful or insufficient answers to allegations and interrogatories exhibited against any garnishee.

Therefore, we affirm the Van Buren County Circuit Court's dismissal of T&T's complaint.

Affirmed.

ROBBINS, C.J., and CRABTREE, J., agree.