T & T MATERIALS, INC. *v.* Willie MOONEY
and Northwest Paving Co., Inc.

99-1425

12 S.W.3d 635

Supreme Court of Arkansas
Opinion delivered March 16, 2000

*Hardin & Grace, PA*, by: *William T. Terrell*, for appellants.

*James & Carter, PLC*, by: *Paul J. James*, for appellees.

ROBERT L. BROWN, Justice. This appeal concerns the ability of a plaintiff-garnishor (T & T Materials, Inc.) to bring a separate fraud action against a garnishee (Northwest Paving Co., Inc.) and the original defendant (Willie Mooney). The trial court dismissed the separate fraud action, and the court of appeals affirmed. *T & T Materials, Inc. v. Mooney*, 68 Ark. App. 77, 4 S.W.3d 512 (1999). We granted review on February 3, 2000. We conclude that T & T's remedy lay within the framework of the garnishment statutes, and we affirm the dismissal of the fraud action.

On January 6, 1997, Mooney agreed to a consent judgment in favor of T & T in the amount of $55,023.31 plus postjudgment interest and costs. The judgment was taken in Crawford County Circuit Court, Crawford County being Mooney's residence. On May 29, 1997, Mooney answered T & T's interrogatories and request for production of documents and stated that his present occupation was "Superintendent, Northwest Paving Co., Inc.," which was located in Crawford County. On June 2, 1997, T & T sent a writ of garnishment to Mooney and to his employer, Northwest Paving, as garnishee, accompanied by allegations and interrogatories propounded to Northwest Paving.

On June 24, 1997, Northwest Paving answered the allegations and interrogatories and stated that it, as garnishee, held $200 payable to Mooney. Counsel for T & T next wrote three letters to counsel for Northwest Paving (dated July 9, 1997; August 11, 1997; and August 25, 1997), requesting information about payroll deductions resulting from the writ of garnishment. No response was forthcoming from Northwest Paving.

On September 11, 1997, counsel for T & T wrote the circuit judge in Crawford County and enclosed a precedent for an order of disbursement for Northwest Paving to pay over to T & T all garnished wages. On September 15, 1997, Northwest Paving filed an amended response to the writ of garnishment in which it stated that it was not Mooney's employer and that it was not holding any money for Mooney and was not indebted to Mooney. The amended response further stated that Northwest Paving leased its employees from a Texas firm named Certified Systems, Inc.[1] On April 15, 1998, the Crawford County circuit judge dismissed the writ of garnishment against Northwest Paving.

On March 17, 1998, T & T sued Mooney and Northwest Paving in Pulaski County Circuit Court and alleged that the named defendants had engaged in a pattern of fraud and deceit by providing false information relating to Mooney's employment status and by not disclosing Mooney's true employment. T & T sought compensatory damages in the form of uncollected garnishment proceeds and punitive damages. T & T later filed an amended complaint in its fraud action and added a claim for constructive fraud. Mooney and Northwest Paving moved to dismiss the amended complaint under Ark. R. Civ. P. 12(b) on six grounds. The Pulaski County circuit judge then transferred the fraud action to Van Buren County, which was T & T's place of business. On October 20, 1998, the Van Buren County circuit judge dismissed the fraud action without prejudice, and in an accompanying letter opinion, concluded that the garnishment statutes covered the situation raised by T & T.

When this court grants a petition to review a case decided by the court of appeals, it reviews the case as if it had originally been filed in this court. *Youngman v. State Farm Mut. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998). The pivotal point raised by T & T in this appeal is whether the Van Buren County circuit judge erred in finding that only the Crawford County Circuit Court had jurisdiction over this matter as part of the garnishment process. Specifically, T & T contends that because Northwest Paving was not Mooney's employer and was not holding money for Mooney, it was

---

[1] On September 22, 1997, T & T did attempt a garnishment action against Certified Systems, Inc., but by that time Mooney's wages had decreased and were insufficient for garnishment purposes.

not a garnishee and the garnishment statutes are inapposite. This left a separate fraud action as T & T's only recourse, under its theory of the case.

We disagree with T & T's characterization of this matter for several reasons. It is clear from the record that Northwest Paving first identified itself as a garnishee. It was not until some three months later that Northwest Paving amended its response to say that it was not Mooney's employer. That was on September 15, 1997. T & T did not take the issue to the Crawford County circuit judge as part of the garnishment action but rather waited until March 17, 1998, to file a separate fraud action in Pulaski County Circuit Court.

The garnishment statutes that are applicable to this case are these:

> The garnishee shall, on the return day named in the writ, exhibit and file, under his oath, full, direct, and true answers to all such allegations and interrogatories as may have been exhibited against him by the plaintiff.

Ark. Code Ann. § 16-110-404 (1987).

....

> (a) If the garnishee files his answer to the interrogatories exhibited and the plaintiff deems the answers untrue or insufficient, he may deny the answer and cause his denial to be entered on the record.

> (b) The court or justice, if neither party requires a jury, shall proceed to try the facts put in issue by the answer of the garnishee and the denial of the plaintiff.

Ark. Code Ann. § 16-110-405 (1987).

....

> (a) If the issue is found for the garnishee, he shall be discharged without further proceedings.

> (b) However, if the issue is found for the plaintiff, judgment shall be entered for the amount due from the garnishee to the defendant in the original judgment, or so much thereof as will be sufficient to satisfy the plaintiff's judgment, with costs.

Ark. Code Ann. § 16-110-410 (1987).[2]

 Northwest Paving and Mooney contend that if T & T believed the response to its allegations and interrogatories to be untrue or insufficient, it should have "denied" or objected to the response under § 16-110-405 and submitted the matter to the circuit judge or a jury for determination. We agree. T & T claims that there was no garnishment jurisdiction because Northwest Paving was not an employer. But that was exactly the issue to be decided by the circuit judge. And the ancillary issue was if Northwest Paving and Mooney abused the garnishment process, in what amount was T & T damaged? T & T argues that § 16-110-410 limits its recovery against Northwest Paving to the amount it owed to Mooney and that no amount was due. Thus, it contends that the remedy afforded was an empty one. We disagree. T & T is correct that garnishment is purely a statutory remedy, and the garnishment statutes must be strictly construed. *See Moory v. Quadras, Inc.*, 333 Ark. 624, 970 S.W.2d 275 (1998). But surely T & T could have claimed the amount Northwest Paving stated it owed as the garnishee prior to the time it reneged and filed an amended response denying Mooney's employment. Again, this was an issue for the circuit judge to resolve within the context of the garnishment statutes. In sum, T & T failed to object to the amended response or otherwise to pursue its remedies under the garnishment statutes and instead waited six months and filed a separate fraud action in Pulaski County.

 There are several reasons that militate against affirming T & T's manner of proceeding in this matter. First and foremost, as already referenced, T & T had a remedy under the garnishment statutes. Also, were we to authorize T & T to forego that remedy and file a splinter action in a different venue, we would be sanctioning split causes of action, which is something we have expressly held we will not do. *See Spickes v. Medtronic*, 275 Ark. 421, 631 S.W.2d 5 (1982); *Lisenby v. Farm Bureau Mut. Ins. Co.*, 245 Ark. 145, 431 S.W.2d 484 (1968); *Eiermann v. Beck*, 221 Ark. 138, 252 S.W.2d 388 (1952).

---

[2] A second statute speaks in terms of rendering judgment against the garnishee in the amount the garnishee held for the defendant at the time the writ of garnishment was served, but the statute is limited to cases where the garnishee neglects or refuses to answer interrogatories. *See* Ark. Code. Ann. § 16-110-407 (Supp. 1999).

■ Moreover, there is no question in our minds that the real character of T & T's cause of action is one involving abuse of the garnishment process and not fraud. We have been very clear in our decisions that when two or more actions are pled that lie in different venues, the proper venue is decided by the real character of the action and the principal right being asserted. *See Bristol-Myers Squibb Co. v. Saline County Circuit Court*, 329 Ark. 357, 947 S.W.2d 12 (1997) *(per curiam)*; *Fraser Bros. v. Darragh Co.*, 316 Ark. 297, 871 S.W.2d 367 (1994); *Atkins Pickle Co., Inc. v. Burrough-Uerling-Brasuell Consult. Eng'rs, Inc.*, 275 Ark. 135, 628 S.W.2d 9 (1982). This was a garnishment proceeding and the proper remedy for any abuse of the garnishment process lay under the garnishment statutes.

■ In short, T & T had a remedy under the Garnishment Act and failed to pursue it. We affirm the dismissal of the fraud action by the Van Buren County Circuit Court. Because we do not countenance a separate action for fraud under these facts, we need not address T & T's second point relating to proper venue for the fraud action.

Affirmed.