The Honorable Stephanie Malone State Representative
2105 South O Street Fort Smith, Arkansas 72901-5737
Dear Representative Malone:
You have asked for my opinion on business proprietors' ability to prohibit concealed handguns on their premises. You provide the following background information for your question:
 It is my understanding that Arkansas Law permits a company to restrict a concealed carry permit holder [who is carrying a handgun] from being on their physical location by posting a sign which reads, "Carrying a handgun is prohibited" readable from a distance of not less than ten feet.
With this background in mind, you ask the following question:
 Does a sign which reads "No Weapons" suffice to keep Arkansas concealed carry permit holders [who are carrying a handgun] from entering the company's physical location and parking lot?[1]
RESPONSE
In my opinion, such a sign is probably sufficient to satisfy the underlying intent of subsection 5-73-306(19), which is to increase the probability that concealed-carry *Page 2 
licensees will have actual notice of the proprietor's decision to prohibit concealed handguns. But as a practical matter and to avoid disputes, proprietors would be wise to specifically mention "handguns" in signs prohibiting weapons.
DISCUSSION
I assume that you are asking about A.C.A. § 5-73-306(19), and that your question is prompted by the company's concern that it post a sign sufficient to keep concealed handguns off the premises. Accordingly, I do not address whether, in the context of a criminal prosecution, a court would find that a sign stating "No Weapons" is sufficient.
Subsection 5-73-306(19) is a component part of a larger list of places into which concealed-carry licensees cannot carry their handguns. For most of these prohibited places, the legislature has created a blanket prohibition, [2] which means that the person who controls the place referenced in the list lacks discretion to permit concealed carries.[3] But the exception at issue in this opinion, the one found at subsection 5-73-306(19), is not a blanket one. Instead, the exception gives business proprietors the discretion to exclude concealed carries. Further, the subsection details what proprietors must do if they want to exercise that discretion.
Your question, which is one of statutory interpretation, pertains to what subsection 5-73-306(19) requires. The goal of statutory interpretation is to give effect to the General Assembly's intent. To determine that intent, we look to the ordinary meaning of the statute's plain words, which, if possible, are read so that no word is left superfluous or insignificant.[4] The reason, spirit, and intended purpose behind a given statute are all guides to its interpretation.[5] *Page 3 
Section 5-73-306(19) establishes the requirements that a person or business must follow to prevent concealed-carry licensees from carrying weapons on property controlled by that person or business:
 No license to carry a concealed handgun issued pursuant to this subchapter authorizes any person to carry a concealed handgun into
 * * * (19)(A) Any place at the discretion of the person or entity exercising control over the physical location of the place by placing at each entrance to the place a written notice clearly readable at a distance of not less than ten feet (10') that "carrying a handgun is prohibited".
 (B)(i) If the place does not have a roadway entrance, there shall be a written notice placed anywhere upon the premises of the place.
 (ii) In addition to the requirement of subdivision (19)(B)(i) of this section, there shall be at least one (1) written notice posted within every three (3) acres of a place with no roadway entrance.
Subsection 5-73-306(19) establishes two broad categories of rules for these kinds of signs. First, there are what I will call the "visibility provisions." These provisions, which pertain to how easy it is for a concealed-carry licensee to see the signs, include rules about the location of the signs, the number of signs, the readability of the signs, etc. Second, there is what I will call the "notice provision." This pertains to what is substantively communicated to the licensee. The notice provision requires that the written notice state that "carrying a handgun is prohibited."
Your question seems to pertain only to the notice provision.[6]
Narrowly stated, your question is whether a sign stating "No Weapons" is sufficient to meet the requirement in subsection 5-73-306(19)(A) that the sign state: "carrying a handgun is prohibited." *Page 4 
The two kinds of provisions contained in subsection 5-73-306(19) — i.e., visibility provisions and the notice provision — make clear that the General Assembly's primary intent behind this statute is to increase the probability that licensees have actual notice of proprietors' decisions to prohibit concealed carries.
Any sign that meets the visibility provisions and that simply states "No Weapons" will clearly apprise the licensee of the proprietor's decision about concealed carries. It strains common sense to believe (1) that licensees will be confused about whether a concealed handgun counts as a "weapon"; or (2) that licensees confronted with a sign stating "No Weapons" will be confused about the proprietor's intent behind the sign. Therefore, such a sign clearly notifies the licensee, which is the purpose of the statute.
As a practical matter, however, to avoid any disputes, proprietors would be wise to follow the statutory language as closely as practicable by, at least, including the word "handguns" in their signs posted pursuant to subsection 5-73-306(19).
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] While you do not specifically indicate that you are referring to subsection 5-73-306(19), your reference to requirements for signs reading "carrying of a handgun is prohibited" leads me to believe that you have this subsection in mind. I will, therefore, proceed under that assumption.
[2] See A.C.A. §§ 5-73-306(1)-(18) (Supp. 2011).
[3] It also means that section 5-73-306 does not require people to post signs in places where carrying a concealed handgun is already categorically prohibited.
[4] E.g., DaimlerChrysler Corp. v. Smelser,375 Ark. 216, 222, 289 S.W.3d 466, 472 (2008) (internal citations omitted).
[5] E.g., TT Materials, Inc. v. Mooney,68 Ark. App. 77, 81, 4 S.W.3d 512, 515 (1999).
[6] Thus, I will assume that, regardless of what the sign states, it meets the visibility provisions.
 *Page 1